Heidi McNeil Staudenmaier (#010387)
Brett W. Johnson (#021527)
Sara J. Agne (#026950)
Thomas Clees (#031638)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: hstaudenmaier@swlaw.com
bwjohnson@swlaw.com
sagne@swlaw.com
tclees@swlaw.com
Attorneys for Defendant Douglas Ducey, Governor
    of Arizona

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The Tohono O'odham Nation,<br><br>   Plaintiff,<br><br>   v.<br><br>Douglas Ducey, Governor of Arizona; Mark Brnovich, Arizona Attorney General; and Daniel Bergin, Director, Arizona Department of Gaming, in their official capacities,<br><br>   Defendants. | No. 2:15-cv-01135-SPL<br><br>[Reference Case No. 2:11-cv-00296-DGC]<br><br>**DEFENDANTS' JOINT OPPOSITION TO MOTION TO TRANSFER AND ASSIGN** |

Defendants Arizona Governor Doug Ducey, Arizona Attorney General Mark Brnovich, and Daniel Bergin, Director of the Arizona Department of Gaming,[1] hereby oppose the motion to transfer and assign filed by the Tohono O'odham Nation (the "Nation") on two grounds. First, the motion is not permitted under LRCiv 42.1(a) because there are not "two or more cases . . . pending before different Judges." The case in which the Nation filed its motion, 2:11-cv-00296, is not pending; it is closed and has been for two years. Second, the cases are not sufficiently similar in any event to warrant a transfer.

---

[1] This response is filed on behalf of all of the named defendants in 2:15-cv-01135-SPL.

### I. LRCiv 42.1(a) DOES NOT ALLOW A MOVANT TO SEEK TRANSFER OF A PENDING CASE TO A JUDGE WHO HAS NO RELATED CASES PENDING.

LRCiv 42.1(a) requires that a motion to transfer involve "pending" cases. Nothing in LRCiv 42.1(a) allows a litigant to move to transfer a pending case to a judge who presided over a case that is no longer pending. "The plain language of LRCiv 42.1(a) requires for an unconsented transfer that the related case be 'pending' [in order for] the transferee judge alone [to be] authorized to transfer the other case to himself." *Addington v. US Airline Pilots Ass'n*, No. CV-08-01633-PHX-NVW, 2010 WL 4117216, at *5-7 (D. Ariz. Oct. 19, 2010).[2] The Nation has not identified in its motion any pending cases that would authorize transfer under LRCiv 42.1(a).

A closed case is not pending within the meaning of the Rule. In *TSYS Acquiring Solutions, LLC v. Elec. Payment Sys., LLC*, No. CV 09-0155-PHX-JAT, 2010 WL 2775012, at *1 (D. Ariz. July 13, 2010), the Court explained that once final judgment is entered, there is no case "pending" within the meaning of LRCiv. 42.1(a), even while post-judgment motions are pending:

> The Court does not believe there are two cases pending within the meaning of LRCiv. 42.1. This Court entered final judgment in the original action. Although there are post-judgment motions pending in the original action, such motions pertain only to enforcement of the judgment and prejudgment interest. Defendant has not cited the Court to any case that would support the conclusion that, within these circumstances, the original action is still "pending." As such, the Court finds that transfer under the present circumstances is not countenanced by LRCiv. 42.1.

*Id.* (emphasis added). In another case, the Court held that a stayed action is "pending" within the meaning of the Rule only because "the Court retain[s] jurisdiction" over the case, whereas a dismissed case would not be "pending" under the Rule. *Grand Canyon Skywalk Dev., LLC v. 'Sa' Nyu Wa, Inc.*, No. CV-12-8030-PCT-DGC, 2012 WL 6101901,

---

[2] *Addington* distinguished *Arizona Minority Coal. for Fair Redistricting v. Arizona Independent Redistricting Comm'n*, 366 F. Supp. 2d 887, 893 (D. Ariz. 2005), as involving a stipulated transfer, stating, "That unopposed transfer was not a precedent."

at *2 (D. Ariz. Nov. 21, 2012) (Campbell, J.). Although a previous case between the State of Arizona and the Nation is currently on appeal, this Court no longer has jurisdiction over that case because jurisdiction is lost when a notice of appeal is filed. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam); *NRDC, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001).[3]

Other provisions in LRCiv 42.1 show that the Rule is intended to consolidate efforts in live cases only. For example, LRCiv 42.1(b) and (c) require that a motion "must identify all the cases that are the subject of the motion" and that "[a]ny party in any case that is the subject of a motion to transfer . . . may file a responsive memorandum" (emphasis added). If a closed case could be treated as "pending" case under the Rule, i.e., among the cases "that are the subject of the motion," then all parties to the closed case could file responses to the motion to transfer, even if the parties to the closed case have no interest whatsoever in the case that is truly pending. The Nation's interpretation of the Rule would lead to the unintended result of giving unrelated parties an opportunity to be heard in an unrelated case.

Rule 42.1(d) likewise reflects the requirement that all cases be live because it requires the Court to "determin[e] the Judge to whom the case or cases will be assigned." A closed case would never be reassigned to a Judge with a pending case, once again indicating that the Nation's interpretation is without basis.

Finally, by contrast with "pending" requirement for contested transfers under LRCiv 42.1(a), voluntary transfers do not contain such a requirement. LRCiv 42.1(e) allows a judge who is presiding over a pending case to transfer the case sua sponte "[i]f the transferee Judge previously adjudicated a case" that satisfies certain criteria, and if other requirements of the rule are met. *Id.* (emphasis added). By using contrasting verbal

---

[3] The Nation fails to inform the Court of any of these precedents, which are helpful to the Court in applying the rule. Indeed, the motion is bereft of case law or any other authority supporting its asserted interpretation of the Rule. *See* LRCiv 7.2(b) (motions must set forth the authorities relied upon).

1  formulations in 42.1(a) and (e), Rule 42.1 is clear that a transfer to a Judge who
2  "previously adjudicated" a case may be done only by the transferring judge in accordance
3  with Rule 42.1(e), and cannot be done on a contested motion.

### II. THIS PENDING CASE DOES NOT INVOLVE ANY DISPUTE SIMILAR TO THE CLOSED CASE.

Even if the docket could be mined for closed cases justifying transfer in the manner the Nation has attempted here—as a way of avoiding the judge to which the only pending case has been assigned—the reasons for transfer stated in the motion are insufficient and incorrect. The Nation argues that "Defendants' position in this suit" (which the Nation presumes to know despite the Defendants being served with this suit only two days ago) is "inextricably intertwined" with the closed case. The only intertwining here is done by artful pleading that attempts to mask the nature of the Nation's suit, in which the issues have nothing to do with the issues decided in the closed case.

The Nation here effectively seeks federal order of mandamus to a state agency requiring specific performance of obligations it claims are due from the State under the Nation's gaming compact—obligations not at issue in the closed case. Although disguised by double negative phrasing, the Nation seeks what amount to positive injunctions requiring the Arizona Department of Gaming ("ADG") to issue regulatory approvals in state administrative proceedings and to rescind forms and notices ADG has issued to entities it regulates. Nothing in the closed case concerns the availability of or any entitlement to such extraordinarily intrusive relief. Nothing in the closed case addressed or determined any of the duties of the Defendants here or the availability of any remedies against them. And nothing in the closed case concerned the Nation's asserted rights to conduct Class II gaming, which the Nation raised for the first time in the Complaint to the new action.

The fact that the State was denied relief it sought in the closed case—where three of the five main claims were dismissed due to the Nation's assertion of sovereign immunity—did not serve to unconditionally bless the proposed casino. Nor did the

- 4 -

previous judgment grant the Nation, which filed no counterclaims and sought no affirmative relief in the closed case,[4] any inviolable, affirmative right to prevail in all future regulatory decisions by the State. The Nation's argument that the Defendants are "evad[ing] this Court's recent judgment" incorrectly posits that the Court has already ruled on the very issues that the Nation now asserts for the first time—anticipatory breach of contract and mandamus, pleaded as causes of action for "preemption." As far as the Defendants are aware, the closed case did not involve any issues regarding preemption or the scope of state regulatory authority, and the Nation has identified none.[5]

Moreover, the closed case did not address any of the Defendants' many potential defenses here. For example, the Nation seeks to circumvent the State's Eleventh Amendment immunity by suing state officers, and yet its primary cause of action is, in effect, a suit against the State as a party to the Compact for anticipatory breach of alleged contractual duties. Indeed, the Nation characterizes this case and the closed case as "involv[ing] substantially the same parties," Mot. at 6, an open and unqualified admission that this case is in substance a case against the State. The issue of Eleventh Amendment immunity was not at issue in the closed case because neither the State nor its officers were defendants. In addition, the fraud that must be addressed in this case, which constitutes the core reason the Defendants cannot lawfully perform the acts that the Nation seeks to force it to do, was never addressed in the closed case due to the Nation's successful invocation of sovereign immunity before discovery. In short, the legal issues here are not "intertwined" with the prior case.

Finally, the key facts at issue here were not litigated in the closed case. The facts

---

[4] It is irrelevant here that the State did not seek "any relief from the judgment pending appeal," Mot. at 3, because the judgment in the closed case only *denied* relief sought by the State. It did not grant any of the relief the Nation now seeks against nominally different Defendants, so there was no occasion to seek a stay of any such relief.

[5] The supposed preemption issue here has no similarity to the issue previously decided in a different closed case cited by The Nation, *Tohono O'odham v. Glendale*. See Mot. at 5-6. The Nation's arguments here about what IGRA preempts are not related to the *Glendale* case, which addressed the preemptive scope of an entirely different statute, the Gila Bend Lands Replacement Act (which does not address gaming at all).

- 5 -

regarding the Nation's fraud and misrepresentation were not even fully explored in the closed case, due to the fraud and misrepresentation claims being dismissed before discovery. Moreover, the facts regarding the regulatory actions undertaken by ADG occurred after the Court entered final judgment in the closed case.

It is plain from the face of the Nation's motion, which presents extended arguments going to the merits of the complaint, that the motion is not truly concerned with judicial economy. It is, rather, calculated to conflate rulings favorable to the Nation in prior litigation with distinct new issues artfully pleaded in the Nation's new complaint. Such tactical piggybacking and forum shopping are not interests LRCiv 42.1(a) is designed to promote.

### III.    CONCLUSION

For the reasons stated above, the Nation's motion should be denied.

DATED June 25, 2015.

                                          Respectfully submitted,

                                          SNELL & WILMER, L.L.P.

By: */s/ Brett W. Johnson*
    Heidi McNeil Staudenmaier
    Brett W. Johnson
    Sara J. Agne
    Thomas Clees
    One Arizona Center
    400 E. Van Buren, Suite 1900
    Phoenix, Arizona  85004-2202
    *Attorneys for Defendant Douglas Ducey, Governor of Arizona*

       FENNEMORE CRAIG, P.C.

By: */s/ Patrick Irvine (w/permission)*
    Patrick Irvine
    2394 East Camelback Road, Suite 600
    Phoenix, AZ 85016-3429
    *Attorneys for Daniel Bergin, Director, Arizona Department of Gaming*

ARIZONA OFFICE OF ATTORNEY GENERAL

By: */s/ Michael Tryon (w/permission)*

Michael Tryon
Senior Litigation Counsel
State Government Division
Office of the Arizona Attorney General
1275 West Washington
Phoenix, Arizona 85007
*Attorneys for Mark Brnovich, Arizona Attorney General*

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2015, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a notice of electronic filing to the EM/ECF registrants.

 */s/ Tracy Hobbs*

21946018