Jonathan Jantzen, Attorney General, SBN 016220
Laura Berglan, Deputy Attorney General, SBN 022120
Office of Attorney General
TOHONO O'ODHAM NATION
P.O. Box 830
Sells, AZ  85634
(520) 383-3410
jonathan.jantzen@tonation-nsn.gov
laura.berglan@tonation-nsn.gov

Seth P. Waxman (*Pro hac vice*)
Danielle Spinelli (*Pro hac vice*)
Kelly P. Dunbar (*Pro hac vice*)
Sonya L. Lebsack (*Pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
(202) 663-6000
seth.waxman@wilmerhale.com
danielle.spinelli@wilmerhale.com
kelly.dunbar@wilmerhale.com
sonya.lebsack@wilmerhale.com

*Counsel for Plaintiff Tohono O'odham Nation*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| THE TOHONO O'ODHAM NATION,<br><br>                    Plaintiff,<br><br>     v.<br><br>DOUGLAS DUCEY, Governor of Arizona; MARK BRNOVICH, Arizona Attorney General; and DANIEL BERGIN, Director, Arizona Department of Gaming, in their official capacities,<br><br>                    Defendants. | Case No. 2:15-cv-01135-SPL<br><br>**THE TOHONO O'ODHAM NATION'S OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND** |

Plaintiff the Tohono O'odham Nation (the "Nation") opposes Defendants' Motion for Extension of Time to Respond (Doc. 19) to the Nation's complaint and its motion for a preliminary injunction. Defendants seek a substantial delay in filing a responsive pleading and opposing the Nation's motion for preliminary relief based on vague references (at 2) to the need for "expedited discovery" to "ascertain the actual facts underlying Plaintiff's Complaint, exhibits, Motion, and supporting declarations."

Defendants have not established "good cause" to justify the substantial extension of time they seek, Fed. R. Civ. P. 6(b), particularly given the irreparable harm Defendants' unlawful conduct is inflicting and will continue to inflict on the Nation in the interim. The legal issues in this case are straightforward: In the wake of repeated efforts by the State and state officials to block the Nation's West Valley Resort, Defendants have now, for the first time, asserted sweeping state-law authority, beyond what IGRA provides, to regulate on-reservation Indian gaming—state-law authority that federal law unmistakably preempts. Because the Nation is only months away from opening the West Valley Resort—which will bring desperately needed revenue and employment to the Nation and its people—the Nation has sought a preliminary injunction to remedy the irreparable injury flowing directly from Defendants' conduct. Time is of the essence, however, as continued delay could prevent the Nation from opening its facility as planned, with serious ramifications for the Nation.

Despite all of that, Defendants seek to delay the resolution of the legal questions presented by requesting a substantial extension of time based on an unspecified need for "discovery" before filing a responsive pleading or opposing the Nation's preliminary injunction motion. That request should be denied. Whether or not Defendants' position is intended as a stalling tactic, it would undoubtedly have that effect. Defendants have not identified any fact discovery necessary before either the filing of a responsive pleading or resolution of the Nation's preliminary injunction motion. While the Nation would consent to a modest extension of time to enable Defendants to file their opposition to the preliminary injunction motion contemporaneously with a responsive pleading, the

extended delay Defendants seek could postpone the opening of the West Valley Resort, resulting in an irreparable economic injury of millions of dollars. Furthermore, even if Defendants could identify a legitimate need for targeted discovery before they oppose the Nation's preliminary injunction motion—and they have not yet done so—that discovery can occur within the three weeks the Nation has agreed to permit Defendants to file their opposition.

I. **THERE IS NO NEED FOR DISCOVERY WARRANTING THE DELAY DEFENDANTS SEEK**

Defendants' principal basis (at 2) for seeking a substantial delay in responding to the Nation's complaint and the preliminary injunction motion is an asserted need "to conduct discovery." That explanation is insufficient to justify delay.

**A.  Discovery Is Not Appropriate Before Filing A Responsive Pleading**

Under Federal Rule of Civil Procedure 12(a)(1)(A)(i), Defendants have 21 days from the date of service of the complaint to file a responsive pleading—that is, an answer or motion to dismiss. Defendants' responsive pleading is thus due on July 14, 2015.

Defendants' asserted need "to conduct discovery" cannot possibly justify a one-month extension of time to file a responsive pleading. Among other things, neither an answer nor a motion to dismiss requires, or even permits, Defendants to submit *evidence* —the only point of seeking discovery. Summary judgment or trial is the time for such evidentiary submissions. For that reason, the Federal Rules contemplate that responsive pleadings will be filed *before* discovery commences. *See, e.g.*, Fed. R. Civ. P. 26(f)(1) (requiring parties to confer 21 days before a scheduling conference); Fed. R. Civ. P. 26(d)(1) (discovery may not begin until parties have conferred under Rule 26(f)).[1]

---

[1] Defendants also claim (at 3) that they require an additional month to respond to the complaint due to the "volume" of the filings and facts at issue. But the complaint is 33 pages long and contains only two counts—each arising under the Supremacy Clause and IGRA. The claims are both narrow and straightforward. The exhibits attached to the complaint are either copies of the Nation's gaming compact with Arizona, or were authored (or previously received by) Defendants, and are included only for the

-2-

**B.     Discovery Is Not Necessary Or Appropriate Before Resolution Of The Preliminary Injunction Motion**

Defendants' contention (at 2) that substantial delay is needed in responding to the Nation's preliminary injunction motion to accommodate "expedited discovery"—presumably discovery directed at the Nation's motion for preliminary relief and supporting declarations—is equally unpersuasive.

"[E]xpedited discovery" directed at issues raised by a preliminary injunction motion "is not automatically granted merely because a party seeks a preliminary injunction." *TGI Friday's, Inc. v. Stripes Restaurants, Inc.*, 2015 WL 2341991, at *2 (E.D. Cal. May 13, 2015). That is so because the purpose of a preliminary injunction is to secure relief *before* "facts are developed to a full extent through the normal course of discovery" and a trial on the merits. *AT&T Co. v. Winback & Converse Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994). The issuance of a preliminary injunction, in other words, presupposes that the moving party's "right to permanent relief still is uncertain"; such relief is temporary and intended to prevent "irreparable injury" while a final determination is made. Wright & Miller, 11A *Fed. Prac. & Proc. Civ.* § 2947 (3d ed. 2013) ("Wright & Miller"). For those reasons and others, expedited discovery ahead of a preliminary injunction decision requires a showing of "good cause." *TGI Friday's*, 2015 WL 2341991, at *2; *see also Lewis v. Alamance Cnty. Dep't of Soc. Servs.*, 2015 WL 2124211, at *1 (M.D.N.C. May 6, 2015) (expedited discovery for preliminary injunction purposes appropriate in "unusual circumstances").

Defendants cannot hope to make that showing here. To begin with, parties opposing a preliminary injunction face an especially high burden in seeking expedited discovery. Typically, "motions for expedited discovery in connection with motions for preliminary injunctions are made by the *moving* party requesting the injunctive relief, not the *opposing* party." *TGI Friday's*, 2015 WL 2341991, at *2 (collecting authority;

---

convenience of the Court. There is nothing about the complaint that warrants a month's delay in Defendants' response.

-3-

1  emphasis added). That is so because the party moving for the injunction "bears the
2  burden of proof of demonstrating that the requirements for a preliminary injunction have
3  been met"—the "opposing party … does not." *Id.* Thus, it is the moving party, not the
4  opposing party, that might be prejudiced by the absence of discovery. *Id.* Moreover, and
5  "[n]otably," discovery by those opposing a preliminary injunction "is not necessary … to
6  get fair notice of the evidence [the moving party] will be relying on in support of its
7  motion" because that evidence is "submitted with the motion." *Id.*

8        Here, Defendants' request for an extension to permit discovery should be denied
9  because they have not identified any factual dispute or any other basis for the discovery
10 they seek. "[V]ague" assertions of a need for discovery are insufficient to demonstrate
11 "that a continuance is warranted or that the Court should not consider the merits of a
12 motion for a preliminary injunction until further discovery is conducted." *TGI Friday's*,
13 2015 WL 2341991, at *2. Defendants allude (at 2) to an unspecified need to "ensure all
14 facts" are brought before the Court and to "ascertain the actual facts underlying" the
15 Nation's submissions. But those conclusory statements do not warrant discovery or the
16 delay needed to accommodate it. This Court should "not delay resolution of [the
17 Nation's preliminary injunction] motion when Defendants fail to articulate exactly what
18 they would be looking for during discovery and how it is relevant to the motion." *Id.*; *see*
19 *also Boathouse Grp., Inc. v. TigerLogic Corp.*, 777 F. Supp. 2d 243, 254 (D. Mass. 2011)
20 ("Because defendant fails to indicate what specific information it believes should be
21 subject to discovery for the limited purpose of responding to plaintiff's pending motion
22 [for a preliminary injunction], the Court will deny the defendant's motion.").

23       Any attempt by Defendants to identify a need for discovery likely would fail. The
24 legal issues before the Court are narrow and clear. The Nation's two legal claims—each
25 presenting pure questions of law about the preemptive effect of the IGRA—involve no
26 disputed facts. Discovery is thus unnecessary to decide the Nation's likelihood of
27 success on the merits. And although the Nation submitted targeted declarations with
28 respect to the remaining elements of the preliminary injunction inquiry—irreparable

-4-

1 harm, balance of the equities, and the public interest—discovery is unnecessary on those
2 points as well.  Defendants have not even represented that they contest *any* of the core
3 factual points underlying those declarations, which should be non-controversial—that the
4 Nation has invested substantially in the West Valley Resort; that the Resort would
5 generate millions of dollars a month in revenue for the Nation and substantial
6 employment for its members; and that the Resort would bring significant economic
7 benefits to West Valley communities.  Indeed, Defendants have not identified any
8 specific fact as to which they believe discovery is necessary.[2]

9 Expedited discovery is also unnecessary before a decision on the Nation's motion
10 for preliminary relief because the Court's assessment of the legal merits of the Nation's
11 preemption claims may well be decisive with respect to the remaining three equitable
12 factors.  Courts in this Circuit have held that showing a likelihood of success on a
13 preemption claim tips the scales decidedly in favor of concluding that the remaining
14 factors necessary for a preliminary injunction are also satisfied.  *See, e.g.*, *Puente Arizona*
15 *v. Arpaio*, -- F. Supp. 3d --, 2015 WL 58671, at *18-19 (D. Ariz. Jan. 5, 2015) (holding
16 that enforcement of a preempted law may constitute irreparable injury; that enjoining a
17 preempted law imposes little hardship on defendants; and that the public interest supports
18 enjoining preempted laws).

19 Presumably for these reasons, courts in this Circuit regularly resolve preliminary
20 injunction motions in preemption cases or other constitutional litigation without
21 discovery.  For example, in *United States v. Arizona*, Judge Bolton resolved a preliminary
22 injunction motion in a case raising preemption challenges to an Arizona immigration law
23 without discovery.  In that case, on July 7, 2010—one day after the filing of a motion for
24 preliminary injunction—Judge Bolton adopted a briefing schedule for resolution of the

---

[2] Even if Defendants could identify a specific factual dispute material to the Nation's entitlement to preliminary relief, that would warrant, at most, targeted depositions of the deponents whose assertions are disputed, which could take place during the three weeks that Defendants would have to respond to the Nation's motion under the Nation's proposal.

1  motion that required the State to file its opposition fourteen days later and that set a non-
2  evidentiary hearing for three weeks later, on July 22, 2010.  *United States v. Arizona*, No.
3  2:10-cv-01413-SRB, Doc. 12 (adopting briefing schedule and setting hearing date).  No
4  discovery was apparently taken before that hearing, despite a voluminous filing by the
5  United States with multiple supporting affidavits.  *See id.* Doc. 6 (motion for preliminary
6  injunction and exhibits).  Judge Bolton issued an opinion one week later.  *United States v.*
7  *Arizona*, 703 F. Supp. 2d 980 (D. Ariz. 2010).[3]  Discovery before resolution of the
8  preliminary injunction motion and the delay it would entail are likewise unnecessary
9  here.

## II. DELAY IN RESOLUTION OF THE NATION'S PRELIMINARY INJUNCTION MOTION WOULD IRREPARABLY HARM THE NATION

This Court should reject Defendants' request for delay in deciding the Nation's preliminary injunction motion for a second reason:  Such delay would provide Defendants with precisely the tactical advantage they seek—the threat of postponement of the opening of the West Valley Resort, which would inflict substantial and irreparable economic harm on the Nation.

In its motion for preliminary relief and accompanying declarations, the Nation set forth the reasons that, absent a preliminary injunction, the Nation will suffer concrete, substantial, and irreparable harm.  *See* Motion for Preliminary Injunctive Relief, at 14-15 (Doc. 3).  For the same reasons, the Nation would suffer serious prejudice from a delay in resolving its preliminary injunction motion—prejudice that outweighs any conceivable interest in permitting Defendants to take expedited discovery now.  As just one example, the Nation has been directed to begin using, by July 3, 2014, a new employee application

---

[3]  Similarly, in *Puente Arizona*, Judge Campbell resolved a Supremacy Clause challenge to Arizona law on preemption grounds in the context of a preliminary injunction, apparently without any prior discovery, despite multiple declarations filed by plaintiffs and defendants regarding plaintiffs' entitlement to preliminary relief.  *See Puente Arizona v. Arpaio*, No. 14-cv-01356-DGC, Doc. 26 (plaintiffs' motion), Doc. 60 (defendants' opposition).

-6-

1 form requiring an employee to acknowledge that work at an "unauthorized facilit[y]"
2 may subject the employee to "legal and regulatory" sanctions.  Declaration of Elizabeth
3 Francisco ¶ 15 (Doc. 3).  Given that Defendants have also singled out the West Valley
4 Resort as a facility that is "not authorized," the new form could seriously hinder the
5 Nation's ability to hire employees for the West Valley Resort.  *Id.* ¶¶ 11-18.  Defendants
6 should not permitted a month and a half to build their case while the Nation suffers
7 irreparable harm from Defendants' ongoing unlawful conduct.[4]

### III. A FULL-BLOWN "EVIDENTIARY HEARING" IS NEITHER NECESSARY NOR APPROPRIATE IN THIS CASE

Finally, Defendants' request for an extension of time appears to rest in part (at 2) on a perceived need to prepare for an "evidentiary hearing."  Whether to hold such a hearing rests in the discretion of this Court.  *See* Wright & Miller § 2949.  But the Nation respectfully submits that an evidentiary hearing is unnecessary here.  A preliminary injunction motion may be decided on a paper record of affidavits and briefing.  *See, e.g.*, *Hale v. Dep't of Energy*, 806 F.2d 910, 914 (9th Cir. 1986) (holding that abuse of discretion standard of review applies regardless of whether a preliminary injunction motion was resolved on an evidentiary hearing or a paper record); *Stanley v. University of*

---

[4] Defendants maintain (at 2) that delay will not prejudice the Nation because "Plaintiff has been aware for quite some time of the State of Arizona's position."  That is unfounded.  The Nation first had any hint of Defendants' newly minted view of its state-law authority in mid-April, when Defendant Bergin informed the Nation that the Arizona Department of Gaming ("ADG") "lacks statutory authority" to issue regulatory approvals for the Nation's West Valley Resort.  Compl. ¶ 77 (Doc. 1).  A flurry of correspondence followed, in which the Nation, among other things, attempted to persuade Defendants they were wrong and to determine whether Defendants' position was set in stone.  On June 4, 2015, legal counsel "retained to represent [ADG] with respect to matters concerning" the West Valley Resort stated unequivocally that "pursuant to A.R.S. § 5-602, [ADG] will not provide the necessary authorizations, certifications, and licenses" for the facility.  *Id.* ¶ 83.  Around the same time, ADG began warning vendors and others of "legal and/or regulatory risks" associated with being employed at, or providing goods or services to, the West Valley Resort (*id.* ¶¶ 84-91), compelling the Nation to bring this suit and to seek preliminary injunctive relief.  The Nation's need for relief is real and immediate.

1  *S. Cal.*, 13 F.3d 1313, 1326 (9th Cir. 1994) ("In this circuit, the refusal to hear oral
2  testimony at a preliminary injunction hearing is not an abuse of discretion if the parties
3  have a full opportunity to submit written testimony and to argue the matter.").

4  Although the Nation believes that a *non*-evidentiary hearing (that is, oral
5  argument) may be useful, the key facts that underlie the Nation's claim to preliminary
6  relief—that the Nation has invested heavily in the West Valley Resort; that delay will risk
7  costing the Nation millions of dollars a month in revenue and substantial employment
8  opportunities for its members; and that Defendants' conduct threatens to interfere with
9  the opening of the facility—are neither especially complicated nor likely to be subject to
10 the type of credibility assessments that would warrant a full-blown evidentiary hearing.
11 Indeed, Defendants themselves fail to identify any basis for such a hearing.

12 At the least, the Court should defer consideration of whether to hold an evidentiary
13 hearing until Defendants have opposed the Nation's motion and the Court can better
14 assess which, if any, facts are genuinely in dispute and are actually material to the
15 Nation's entitlement to preliminary relief. *See* Wright & Miller § 2949 (suggesting that,
16 where "there is no conflict about the facts, [a] preliminary injunction will be granted or
17 denied on the basis of the undisputed evidence without difficulty"; where "there is a
18 factual controversy," "oral testimony" may be preferable to assess the credibility of the
19 witnesses). The possibility of such a hearing does not warrant the delay Defendants seek.

| | | |
|---|---|---|
| 1 | Dated:  June 29, 2015 | Respectfully submitted, |
| 2 | | |
| 3 | | /s/      Danielle Spinelli |
| 4 | | Jonathan Jantzen,<br>   Attorney General, SBN 016220 |
| 5 | | Laura Berglan,<br>   Deputy Attorney General, SBN 022120 |
| 6 | | Office of Attorney General |
| 7 | | TOHONO O'ODHAM NATION<br>P.O. Box 830 |
| 8 | | Sells, AZ  85634 |
| 9 | | (520) 383-3410<br>jonathan.jantzen@tonation-nsn.gov |
| 10 | | laura.berglan@tonation-nsn.gov |
| 11 | | Seth P. Waxman (*Pro hac vice*) |
| 12 | | Danielle Spinelli (*Pro hac vice*)<br>Kelly P. Dunbar (*Pro hac vice*) |
| 13 | | Sonya L. Lebsack (*Pro hac vice*) |
| 14 | | WILMER CUTLER PICKERING<br>   HALE AND DORR LLP |
| 15 | | 1875 Pennsylvania Avenue, N.W.<br>Washington, D.C.  20006 |
| 16 | | (202) 663-6000 |
| 17 | | seth.waxman@wilmerhale.com<br>danielle.spinelli@wilmerhale.com |
| 18 | | kelly.dunbar@wilmerhale.com<br>sonya.lebsack@wilmerhale.com |
| 19 | | |
| 20 | | *Counsel for Plaintiff Tohono O'odham Nation* |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

# CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of June, 2015, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System.  In addition, I caused copies of the foregoing document to be served on Defendants' counsel by email and first-class mail at the following addresses:

Patrick Irvine
Fennemore Craig, PC
2394 East Camelback Road, Suite 600
Phoenix, AZ  85016-3429
pirvine@fclaw.com

*Counsel for Daniel Bergin,*
*Director, Arizona Department of Gaming*

Michael Tryon
Office of the Arizona Attorney General
1275 West Washington
Phoenix, Arizona  85007
Michael.Tryon@azag.gov

*Counsel for Mark Brnovich,*
*Arizona Attorney General*

/s/   Danielle Spinelli
DANIELLE SPINELLI