UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

THE TOHONO O'ODHAM NATION,

          Plaintiff,

v.

DOUGLAS DUCEY, Governor of Arizona; MARK BRNOVICH, Arizona Attorney General; and DANIEL BERGIN, Director, Arizona Department of Gaming, in their official capacities,

          Defendants.

Case No. 2:15-cv-01135-PHX-DGC

**JOINT CASE MANAGEMENT REPORT**

Pursuant to the Court's Order (Doc. 86), and Federal Rules of Civil Procedure 16(b) and 26(f), the parties have prepared this joint case management report. Where the parties are not in agreement on a particular topic, each party presents its own proposal.

1. **Persons Who Attended the Rule 26(f) Meeting and Assisted in Developing the Case Management Report.**

Appearing for the parties at the Rule 26(f) meeting were Danielle Spinelli, Kelly Dunbar, and Sonya Lebsack for Plaintiff the Tohono O'odham Nation, and Matthew McGill, Matthew Hoffman, and Doug Northup for Defendant Daniel Bergin.

2. **Parties.**

Following entry of this Court's order ruling on the defendant's motion to dismiss (Dkt. 82), the parties in this case are as follows:

    a. The Tohono O'odham Nation (the "Nation");

    b. Daniel Bergin, Director, Arizona Department of Gaming ("ADG"), in his official capacity.

3. **Nature of the Case.**

This case is a dispute regarding Class III gaming at the Nation's West Valley Resort. In brief, Director Bergin informed the Nation that, in ADG's view, the Nation

1  had engaged in fraud and misrepresentation during the negotiation of the Nation's
2  gaming compact ("the Compact") with the State of Arizona and/or during the campaign
3  for Proposition 202.  Based on that alleged "disqualifying conduct," Director Bergin
4  asserted that ADG would "exceed its authority if it were to proceed with any certification
5  or approval process relating to the opening or operation" of the Nation's proposed
6  Class III gaming facility at the West Valley Resort.  Compl. Ex. H at 1, Ex. F at 3.

7        The Nation then filed this suit, alleging that the Indian Gaming Regulatory Act
8  ("IGRA") preempts any state-law authority ADG might possess to determine that the
9  Nation has engaged in "disqualifying conduct" and to bar it from engaging in Class III
10 gaming, and seeking an injunction preventing Director Bergin from refusing to certify
11 vendors and employees or to provide a letter of compliance to the Nation based on that
12 alleged "disqualifying conduct."  *See* Compl. ¶¶1-8, 94-113.  Director Bergin moved to
13 dismiss the suit on various grounds.  *See* MTD Br. (Doc. 50).  This Court dismissed
14 Count II of the Nation's complaint (which dealt with Class II gaming), but declined to
15 dismiss Count I, which challenged the legality of Director Bergin's actions pertaining to
16 Class III gaming.  *See* MTD/PI Order 11-19 (Doc. 82).  The Court also denied the
17 Nation's motion for preliminary injunction.

18       Director Bergin has filed an amended answer to the complaint, asserting a number
19 of affirmative defenses, and also asserting counterclaims for declaratory relief,
20 promissory estoppel, fraud in the inducement, and intentional misrepresentation and
21 omission of material facts.  First Am. Answer and Counterclaims (Doc. 96).

22       4.    **Jurisdictional Basis.**

23       <u>The Nation's Position</u>:  This Court has jurisdiction over the Nation's affirmative
24 claims under 28 U.S.C. §§ 1331, 1362.  The Nation's position is that this Court lacks
25 jurisdiction over Director Bergin's counterclaims.

26       <u>Director Bergin's Position</u>:  Director Bergin denies that this Court has jurisdiction
27 over the Nation's claims, but to the extent the Court exercises jurisdiction over the
28

Nation's claims, the Court has jurisdiction over Director Bergin's counterclaims under 28 U.S.C. §§ 1331, 1367, 2201-2202, 2710(d)(7)(A)(ii).

5.   **Unserved Parties.**

All parties have been served.

6.   **Additional Parties or Amended Pleadings.**

Neither party expects to add additional parties to the case. Director Bergin amended his Answer and Counterclaim on October 29, 2015. Neither party expects at this time to amend its pleadings further, but each party reserves its right to seek leave to do so in accordance with Federal Rule of Civil Procedure 15(a).

7.   **Contemplated Motions and the Issues to be Decided by Such Motions.**

<u>The Nation's Position</u>:  The Nation believes that the remaining issues in this case can be decided now as a matter of law by dispositive motions—namely, a motion to dismiss Director Bergin's counterclaims and a motion for judgment on the pleadings as to the Nation's affirmative claim.

*Motion to Dismiss.*  The Nation intends to move to dismiss Director Bergin's amended counterclaims. That motion to dismiss is currently due on November 16, 2015. In light of Director Bergin's recent amended pleading filed on October 29, the Nation expects to seek a modest extension to November 30 and the entry of a modified schedule so that briefing on this motion parallels the proposed schedule for the Nation's motion for judgment on the pleadings below.

*Motion for Judgment on the Pleadings.*  In addition, the Nation proposes to file a motion for judgment on the pleadings on its affirmative claim, as to which the pleadings are closed. The Nation believes that the question whether the Compact grants Director Bergin the authority to block Class III gaming at the West Valley Resort under these circumstances is a question of law, and that the validity of any affirmative defenses Director Bergin may choose to raise to the Nation's claim can also be resolved as a matter of law. At a minimum, such a motion should substantially narrow and clarify the

-3-

issues for resolution. The Nation proposes the following schedule for briefing that motion:

>**November 30, 2015:** Nation's Motion for Judgment on the Pleadings due.
>
>**January 8, 2016:** Director Bergin's Opposition due.
>
>**January 29, 2016:** Nation's Reply in Support of its Motion due.

If the case is not resolved through these dispositive motions, the Nation would anticipate filing a motion for summary judgment at the close of discovery. The Nation reserves the right to seek to file other motions if appropriate, but does not contemplate any other specific motions at this time.

Director Bergin's Position: Director Bergin believes that the Nation's contemplated motion for judgment on the pleadings would be premature if filed before the Nation has answered Director Bergin's counterclaims. *See* Fed. R. Civ. P. 12(c) ("*After the pleadings are closed*—but early enough not to delay trial—a party may move for judgment on the pleadings.") (emphasis added); *Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005) ("[T]he pleadings are closed for the purposes of Rule 12(c) once a complaint and answer have been filed, assuming … that no counterclaim or cross-claim is made."); 5C Wright & Miller § 1367 & n.12 ("Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer (absent court-ordered reply), unless a counterclaim, cross-claim, or third-party claim is interposed, in which event the filing of a reply to a counterclaim, cross-claim answer, or third-party answer normally will mark the close of the pleadings."). Director Bergin further disputes that issues in this case involve purely questions of law, and further disputes that Director Bergin's counterclaims can be resolved as a matter of law. Director Bergin believes the remaining issues in the case involve substantial fact questions and the need for discovery and therefore are not amenable to further early dispositive motions.

-4-

Director Bergin may file a motion for summary judgment at the close of discovery. And based on experience from prior depositions in this matter, Director Bergin anticipates that he may have to file motions relating to the Nation's assertions of attorney-client, legislative, and deliberative process privileges.

8. **Suitability for Reference to a United States Magistrate Judge.**

The parties agree that this case is not suitable for reference to a United States Magistrate Judge for a settlement conference or trial.

9. **Status of Related Cases.**

In 2011, Arizona and others sued the Nation, alleging that the Compact prohibited Class III gaming at the West Valley Resort, and raising claims for promissory estoppel, fraudulent inducement, and material misrepresentation stemming from alleged misrepresentations purportedly made by the Nation during compact negotiations and/or the campaign for Proposition 202. This Court ruled in the Nation's favor. *Arizona v. Tohono O'odham Nation*, 944 F. Supp. 2d 748 (D. Ariz. 2013); 2011 WL 2357833 (D. Ariz. June 15, 2011). The Court's rulings are on appeal in the Ninth Circuit (No. 13-16517). Oral argument has been scheduled for December 7, 2015.

10. **Issues Relating to Disclosure or Discovery of Electronically Stored Information.**

The parties have discussed the potential for discovery of electronically stored information and have committed to work cooperatively to determine how such discovery, if any, should be conducted. The parties do not believe that this Court needs to resolve any issues relating to electronic discovery at this time.

11. **Issues Relating to Claims of Privilege or Work Product.**

<u>The Nation's Position</u>: The Nation expects that during the course of discovery, should it proceed, issues regarding privilege or work product may arise, but is not aware of any specific issue at this time.

1      Director Bergin's Position:   Director Bergin expects that during the course of
2  discovery, there will be issues regarding the Nation's assertion of attorney-client,
3  legislative, and deliberative process privileges.
4      12.   **Necessity of Order under Federal Rule of Evidence 502(d).**
5      The parties agree that an order under Federal Rule of Evidence 502(d) is not
6  currently warranted, but the parties will, at the appropriate time, confer and propose an
7  amended protective order if the current protective order (Doc. 42) is found insufficient.
8      13.   **Necessary Discovery.**
9      13a.   The Extent, Nature and Location of Discovery Anticipated by the Parties.
10     The Nation's Position:  The Nation believes that any discovery should await the
11 resolution of its threshold dispositive motions on its affirmative claim and Director
12 Bergin's counterclaims.  On the schedule the Nation has proposed, those motions will be
13 fully briefed in the next eleven weeks.  The Nation believes it is entitled to judgment as a
14 matter of law and that its motions should fully dispose of the case.  At a minimum, these
15 motions should substantially narrow and clarify the issues remaining for resolution, and
16 thus enable more efficient and targeted discovery.
17     The Nation believes that its sole affirmative claim—whether Director Bergin has
18 the authority under IGRA to block the Nation from exercising its Class III gaming
19 rights—is a pure question of law, as is Director Bergin's assertion that the Compact gives
20 him that authority.  The Nation intends to argue that no language in the Compact is
21 reasonably susceptible to that interpretation, a question that may be properly resolved as a
22 matter of law.  *See, e.g.*, *Taylor v. State Farm Mut. Auto. Ins. Co.*, 854 P.2d 1134, 1144-
23 1145 (Ariz. 1993) ("Whether contract language is reasonably susceptible to more than
24 one interpretation so that extrinsic evidence is admissible is a question of law for the
25 court.").  The Nation also intends to argue that Director Bergin's other defenses fail as a
26 matter of law, many of them for the simple reason that they cannot excuse action by a
27 state official in contravention of federal law.  And the Nation will argue that Director
28

1 Bergin's counterclaims are legally deficient for several reasons, including that they are
2 barred by the Nation's sovereign immunity.

3 In the unique circumstances of this case, there are compelling reasons to resolve
4 these threshold dispositive legal questions before commencing discovery. As noted, on
5 the schedule the Nation has proposed, the motions will be fully briefed in short order—by
6 January 29, 2016. In addition, Director Bergin has asserted broad-ranging counterclaims,
7 as well as no fewer than eighteen affirmative defenses. Commencing discovery on all of
8 those scattershot issues now would impose needless burdens on the Court and very
9 substantial burdens and expense on the Nation.

10 Postponing discovery briefly is particularly appropriate with respect to Director
11 Bergin's counterclaims. The Nation will argue that it is immune from those claims, and
12 it should not be subject to burdensome, intrusive discovery until that question is resolved.
13 *See, e.g.*, *M.G. v. Metro. Interpreters & Translators, Inc.*, 2013 WL 690833, at *1 (S.D.
14 Cal. Feb. 26, 2013) (granting stay of discovery because "[a] defendant asserting
15 [sovereign] immunity should be free from all burdens of litigation"); *Lindhurst v. USA,*
16 *Soc. Sec. Admin.*, 2012 WL 5381576, at *2 (D. Colo. Oct. 31, 2012) (refusing to
17 "subject[] Defendant to possibly unnecessary discovery … until the immunity and
18 jurisdictional questions are resolved").

19 Moreover, resolving the dispositive motions prior to commencing discovery will
20 in no way prejudice Director Bergin. The Nation is not opening the West Valley Resort
21 as a Class III facility. Given the status quo, he can hardly complain about a modest delay
22 in discovery (particularly given that the State itself has already had wide-ranging
23 discovery in previous litigation on substantially identical claims).

24 Finally, it would be particularly inequitable to force the Nation to bear substantial
25 and unnecessary discovery costs, since the great bulk, if not all, of any discovery that will
26 be conducted relates to Director Bergin's counterclaims and defenses. For these reasons,
27 the Nation respectfully submits that the most just, orderly, and efficient way to proceed is
28

for the Court to resolve the Nation's motions to dismiss and for judgment on the pleadings before any additional discovery proceeds in this matter.

In the event that any issues remain in the case following the Court's resolution of the dispositive motions, the Nation submits that discovery, if any, should be limited and targeted.  Director Bergin claims to "act on behalf of" the State.  First Am. Counterclaims ¶ 14.  During more than a year of broad-ranging discovery, the Nation has already provided the State with voluminous document production, encompassing all documents in the Nation's possession relevant to this suit, as well as dozens of depositions.  And the parties have already agreed that discovery from *State of Arizona, et al. v. Tohono O'odham Nation*, No. CV11-0296-PHX-DGC, may be used in this litigation, subject to the terms of the Protective Order (Doc. 42).  Accordingly, although the Nation itself will pursue discovery on any claims or issues not resolved as a matter of law, limits on discovery are appropriate, and duplicative discovery by either party should be barred.

The proposal regarding the scope and schedule of discovery laid out in Responses 13(b) and 15 below is the broadest that the Nation believes is warranted should discovery proceed on all of Defendant's counterclaims and defenses.  If only a subset of those claims and defenses survive, a narrower scope of discovery and a shorter schedule may be appropriate.  In that event, the Nation would propose that the parties meet and confer at that time to attempt to agree on an appropriate scope and schedule for discovery in light of the narrowing of issues.

Director Bergin's Position:  Director Bergin believes that discovery should proceed in the normal course following the Rule 16 Case Management Conference.  The Nation's affirmative claim—whether Defendant Bergin has the authority to not certify or authorize the Nation's Class III gaming facility—is a question of both law and fact.  The language of IGRA and the Compact is, at a minimum, reasonably susceptible to Director Bergin's interpretation, and extrinsic evidence is admissible.  Additionally, even assuming *arguendo* that the Nation's contemplated motion to dismiss Director Bergin's counterclaims has merit, discovery still should proceed on Director Bergin's affirmative

-8-

1 defenses, which are based on the same nucleus of facts alleged in Defendant Bergin's
2 counterclaims. The Nation's complaints about discovery proceeding—being subjected to
3 the "burdens of litigation"—while its claim of sovereign immunity remains pending
4 therefore are misplaced. The Nation sued Director Bergin and it thus has no basis to
5 complain of the discovery occasioned by Director Bergin's defenses to its claim.

6      With respect to the other limitations on discovery the Nation adverts to, Director
7 Bergin has no desire to duplicate document discovery conducted in prior litigations.
8 Director Bergin notes, however, that he was not a party to the prior litigation and,
9 therefore, the Nation is incorrect simply to assume that Director Bergin has at his
10 disposal all of the documents produced by the Nation in prior litigation. With respect to
11 other written discovery (including new, non-duplicative requests for production) and
12 depositions, Director Bergin respectfully submits that it would be improper to limit his
13 ability to conduct discovery based on the fact that the Nation previously provided
14 discovery in litigation to which Director Bergin was not a party. Indeed, the Nation itself
15 acknowledges as much when it says "the Nation itself will pursue discovery"—
16 presumably of Director Bergin.

17      13b.   <u>Suggested Changes to Discovery under the Federal Rules of Civil
18 Procedure.</u>

19      <u>The Nation's Position</u>: If and when any discovery is necessary, the Nation
20 submits that—in view of the extensive discovery in *Arizona v. Tohono O'odham
21 Nation*—each party should be limited to 10 interrogatories, 10 requests for production of
22 documents, and 10 requests for admissions. The Nation also submits that neither party
23 should be permitted duplicative discovery. Thus, for example, because the State has
24 already received all documents relating to negotiation of the Compact, Director Bergin
25 should not be able to redo that discovery here.

26      <u>Director Bergin's Position</u>: Director Bergin believes that this Court should adopt
27 its typical limitations on discovery (i.e., depositions limited to seven hours each; each
28 side may propound up to 25 interrogatories, including subparts, 25 requests for

production of documents, including subparts, and 25 requests for admission, including subparts). As noted above, Director Bergin was not a party to *Arizona v. Tohono O'odham Nation*, and the issues in that case are not coterminous with the issues presented in this dispute. Director Bergin will, of course, seek to minimize duplication of document discovery previously provided. But as the Nation's reliance on *Ex parte Young* should make clear, Director Bergin is not the "State," and the Nation cannot simply presume that Director Bergin has available all documents produced by the Nation in prior proceedings and urge limitations on discovery based on that presumption.

13c. <u>Number of Hours Permitted for Each Deposition</u>.

<u>The Nation's Position</u>: In light of the 30 depositions taken in *Arizona v. Tohono O'odham Nation*, a total of 25 hours of deposition per side is appropriate, and each side should be limited to 10 depositions, if and when any discovery is necessary. Any 30(b)(6) depositions should be limited to 5 topics. Depositions will otherwise be limited as set forth in Federal Rule of Civil Procedure 30(d)(1), unless the parties agree or the Court orders that additional time is necessary to fairly examine the deponent.

<u>Director Bergin's Position</u>: Director Bergin was not a party to *Arizona v. Tohono O'odham Nation*. Director Bergin believes it is premature to determine a limit on the total number of depositions and deposition hours, but will meet and confer with the Nation regarding such limits after the parties exchange written discovery. Director Bergin also opposes any limitations to the number of topics for any 30(b)(6) depositions, and will meet and confer with the Nation as necessary should the circumstances warrant.

14. **Exchange of Initial Disclosures**.

<u>The Nation's Position</u>: If any issues remain in the case following the resolution of dispositive motions, the Nation proposes that initial disclosures under Federal Rule of Civil Procedure 26(a) be exchanged 10 days after resolution of the dispositive motions.

<u>Director Bergin's Position</u>: Director Bergin proposes that initial disclosures under Federal Rule of Civil Procedure 26(a) be exchanged 10 days after the Rule 16 Case Management Conference.

15. **Proposed Deadlines**.

Although the parties disagree as to when discovery should commence (the Nation proposes after resolution of its contemplated motions to dismiss and for judgment on the pleadings; Director Bergin proposes after the Rule 16 Case Management Conference), they are in agreement as to time frames and deadlines after such discovery commences:

a. Fact discovery shall close **210 days** after the commencement of discovery.

b. Expert Disclosures:  The parties do not anticipate expert discovery at this time.

c. Expert Depositions:  The parties do not anticipate expert discovery at this time.

d. In-person Settlement Talks:  By the close of fact discovery.

e. Dispositive Motions Deadline:  All dispositive motions shall be filed no later than **30 days after the close of fact discovery.**

16. **Whether A Jury Trial Has Been Requested.**

<u>The Nation's Position</u>:  A jury has not been requested.  This case is to be tried before the Court as trier of law and fact.

<u>Director Bergin's Position</u>:  Director Bergin believes that the questions of fact relating to the Nation's claim and Director Bergin's counterclaims should be tried to a jury.  Director Bergin will file his jury demand within the time required by Fed. R. Civ. P. 38.

17. **Prospects for Settlement.**

The parties considered the possibility of settlement at the Rule 26(f) meeting and will continue to assess prospects for mediation and settlement as the case progresses.

18. **Other Matters.**

The parties are not aware of any other matters requiring the Court's attention at this time.

Dated:  November 3, 2015                                    Respectfully submitted,

| | |
|---|---|
| /s/      Douglas C. Northup<br>Patrick Irvine (No. 006534)<br>Douglas C. Northup (No. 013987)<br>Carrie Pixler Ryerson (No. 028072)<br>FENNEMORE CRAIG, P.C.<br>2394 E. Camelback Road, Suite 600<br>Phoenix, AZ 85016-3429<br>Telephone: (602) 916-5000<br>Email: pirvine@fclaw.com<br>Email: dnorthup@fclaw.com<br>Email: cryerson@fclaw.com<br><br>Matthew D. McGill (*pro hac vice*)<br>Matthew A. Hoffman (*pro hac vice*)<br>Timothy W. Loose (*pro hac vice*)<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue N.W.<br>Washington, DC 20036<br>Telephone: (202) 955-8500<br>Email: mmcgill@gibsondunn.com<br>Email: mhoffman@gibsondunn.com<br>Email: tloose@gibsondunn.com<br><br>*Counsel for Defendant Director Daniel Bergin Arizona Department of Gaming* | /s/      Danielle Spinelli<br>Seth P. Waxman (*Pro hac vice*)<br>Danielle Spinelli (*Pro hac vice*)<br>Kelly P. Dunbar (*Pro hac vice*)<br>Sonya L. Lebsack (*Pro hac vice*)<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>1875 Pennsylvania Avenue, N.W.<br>Washington, D.C.  20006<br>(202) 663-6000<br>seth.waxman@wilmerhale.com<br>danielle.spinelli@wilmerhale.com<br>kelly.dunbar@wilmerhale.com<br>sonya.lebsack@wilmerhale.com<br><br>*Counsel for Plaintiff Tohono O'odham Nation* |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of November, 2015, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System, which will send a notice of filing to all counsel of record.


                                  /s/     Danielle Spinelli
                                  DANIELLE SPINELLI