# EXHIBIT 1

```
 1                    UNITED STATES DISTRICT COURT

 2                    FOR THE DISTRICT OF ARIZONA

 3                    _____

 4    The Tohono O'odham Nation,           )
                                           )
 5                      Plaintiff,         ) CV-15-01135-PHX-DGC
                                           )
 6         vs.                             ) Phoenix, Arizona
                                           ) September 10, 2015
 7    Douglas Ducey, Governor of Arizona;  )
      Mark Brnovich, Arizona attorney      )
 8    General; and Daniel Bergin, Director,)
      Arizona Department of Gaming,        )
 9    in their official capacities,        )
                                           )
10                      Defendants.        )
      _____ )
11

12

13

14         BEFORE:  THE HONORABLE DAVID G. CAMPBELL, JUDGE

15            REPORTER'S  TRANSCRIPT OF PROCEEDINGS

16                       MOTION HEARING

17

18

19

20

21   Official Court Reporter:
     Patricia Lyons, RMR, CRR
22   Sandra Day O'Connor U.S. Courthouse, Ste. 312
     401 West Washington Street, SPC 41
23   Phoenix, Arizona   85003-2150
     (602) 322-7257
24
     Proceedings Reported by Stenographic Court Reporter
25   Transcript Prepared with Computer-Aided Transcription
```

```
 1                       A P P E A R A N C E S

 2

 3    For the Plaintiff:

 4         Wilmer Cutler Pickering Hale & Dorr, LLP
           By: DANIELLE SPINELLI, ESQ.
 5         By: KELLY P. DUNBAR, ESQ.
           1875 Pennsylvania Ave. NW
 6         Washington, DC  20006

 7
           Tohono O'odham Nation
 8         Office of the Attorney General
           By: LAURA L. BERGLAN, ESQ.
 9         By: BRITT E. CLAPHAM, II, ESQ.
           P.O. Box 830
10         Sells, AZ  85634

11
           Rusing Lopez & Lizardi, PLLC
12         By: DANIEL J. QUIGLEY, ESQ.
           6363 N. Swan Rd., Ste. 151
13         Tucson, AZ  85718

14

15    For Defendant Ducey:

16         Snell & Wilmer, LLP
           By: HEIDI M. STAUDENMAIER, ESQ.
17         By: SARA J. AGNE, ESQ.
           By: THOMAS J. CLEES, ESQ.
18         1 Arizona Center
           400 E. Van Buren
19         Phoenix, AZ  85004

20

21    For Defendant Brnovich:

22         Office of the Attorney General
           By: KAREN J. HARTMAN-TELLEZ, ESQ.
23         By:  THOMAS K. CHENAL, ESQ.
           1275 W. Washington St.
24         Phoenix, AZ  85007

25
```

```
 1            A P P E A R A N C E S    (continued)

 2

 3   For Defendant Bergin:

 4         Fennemore Craig, PC
           By: DOUG C. NORTHUP, ESQ.
 5         2394 E. Camelback Rd., Ste. 600
           Phoenix, AZ   85016
 6

 7         Gibson Dunn & Crutcher, LLP
           By: MATTHEW D. McGILL, ESQ.
 8         1050 Connecticut Ave. NW
           Washington, DC   20036
 9

10         Gibson Dunn & Crutcher, LLP
           By: MATTHEW HOFFMAN, ESQ.
11         333 S. Grand Ave.
           Los Angeles, CA   90071
12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
09:39:15   1    And, again, I just need a brief response so I can understand
           2    where the parties are for purposes of the argument.
           3              MS. SPINELLI:  So the answer is yes, we certainly
           4    agree that the State can regulate the West Valley Resort in
09:39:24   5    accordance with the compact.  We don't believe that's what the
           6    State was trying to do, and they asserted claims -- they
           7    asserted that they could regulate the West Valley Resort on
           8    account of the Nation's disqualifying conduct, and decide that
           9    the West Valley Resort was unauthorized based on their
09:39:45  10    authority to regulate in the public welfare under Arizona
          11    Statute 5-602.  That's why we brought preemption claims.
          12              THE COURT:  I understand that.  But I want to make
          13    clear that you are of the view that they can regulate the
          14    West Valley Resort in accordance with the terms of the
09:40:03  15    compact.
          16              MS. SPINELLI:  Yes.  We don't believe there is any
          17    colorable argument that there's a basis in the compact for
          18    this, but, yes, we agree they can regulate in accordance with
          19    the terms of the compact.
09:40:15  20              THE COURT:  Your preemption argument, then, as I
          21    understand it, is limited to any state regulatory actions that
          22    are not authorized by the compact.
          23              MS. SPINELLI:  Well, yes.  I mean, if something was
          24    authorized by the compact, it wouldn't then be preempted.  But
09:40:30  25    our position is that the authority they've asserted, which
```

```
09:40:36   1   they have said stems from state law, is preempted.  They now
           2   appear --
           3          THE COURT:  I understand that.  And I'm going to try
           4   to clarify exactly what they're asserting.  But the only
09:40:47   5   preemption argument you're making is for efforts to regulate
           6   that are not authorized by the compact --
           7          MS. SPINELLI:  Correct.
           8          THE COURT:  -- right?
           9          MS. SPINELLI:  That's correct.
09:40:54  10          THE COURT:  Okay.  You can certainly expand on this
          11   in a minute.  I just wanted to make sure I understand that.
          12          I've got the mirror image question for the
          13   defendants, and whoever chooses to answer can, but my question
          14   is this, the first question:  Do you contend that the State
09:41:08  15   has authority to regulate the West Valley Resort in ways that
          16   are not authorized by the compact?
          17          MR. McGILL:  No, Your Honor.  I think the regulation
          18   of the West Valley Casino could only take place under the
          19   terms of the compact.  That is, this is a truism under IGRA.
09:41:36  20   It's that the State's authority to regulate Class III gaming
          21   is derived from tribal-state compacts.
          22          And the reference to 5-602 here comes really right
          23   out of the compact.  The 6th --
          24          THE COURT:  Let's get to that in a minute.  I just
09:41:53  25   want to make sure -- stay here, I've got another question for
```