1  Laura Berglan, Acting Attorney General (022120)
   Office of Attorney General
2  TOHONO O'ODHAM NATION
3  P.O. Box 830
   Sells, Arizona 85634
4  (520) 383-3410
5  laura.berglan@tonation-nsn.gov

6  Danielle Spinelli (*Pro hac vice*)
   Kelly P. Dunbar (*Pro hac vice*)
7  Sonya L. Lebsack (*Pro hac vice*)
8  Kevin M. Lamb (*Pro hac vice*)
   WILMER CUTLER PICKERING
9  HALE AND DORR LLP
   1875 Pennsylvania Avenue, N.W.
10 Washington, D.C. 20006
11 (202) 663-6000
   danielle.spinelli@wilmerhale.com
12 kelly.dunbar@wilmerhale.com
13 sonya.lebsack@wilmerhale.com
   kevin.lamb@wilmerhale.com
14
15 *Counsel for Plaintiff Tohono O'odham Nation*

16 COUNSEL CONTINUED ON FOLLOWING PAGE

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| THE TOHONO O'ODHAM NATION, | |
| Plaintiff, | Case No. 2:15-cv-01135-PHX-DGC |
| v. | |
| DOUGLAS DUCEY, Governor of Arizona; MARK BRNOVICH, Arizona Attorney General; and DANIEL BERGIN, Director, Arizona Department of Gaming, in their official capacities, | **THE TOHONO O'ODHAM NATION'S SUPPLEMENTAL BRIEF IN RESPONSE TO THE COURT'S JUNE 30, 2016 ORDER** |
| Defendants. | |

1  Paul K. Charlton (012449)
   Karl M. Tilleman (013435)
2  Erin N. Bass (030104)
3  STEPTOE & JOHNSON LLP
   201 East Washington Street, Suite 1600
4  Phoenix, Arizona 85004
   (602) 257-5200
5  pcharlton@steptoe.com
6  ktilleman@steptoe.com
   ebass@steptoe.com
7
8  Jennifer B. Bonneville (*Pro hac vice*)
   STEPTOE & JOHNSON LLP
9  633 West Fifth Street, Suite 700
   Los Angeles, California 90071
10 (213) 439-9400
11 jbonnevi@steptoe.com
12 *Counsel for Plaintiff Tohono O'odham Nation*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

On June 30, 2016, following this Court's *in camera* inspection of "Entry 2," which consists of notes dated August 29, 2002 from a session of the Nation's Legislative Council addressing a proposal by the San Lucy District, the Court determined that "Entry 2 is protected by the legislative privilege" and ordered the parties to address two issues related to "whether Defendant can overcome the qualified legislative privilege": (1) "whether [the brief discussion of purchasing land in Maricopa County] is particularly relevant," and (2) "whether Defendant already has obtained ample evidence that the Nation was considering such a purchase in August of 2002." Order (Doc. 200). As explained below, the limited discussion in Entry 2 is irrelevant to Director Bergin's allegations, and Director Bergin already has access to ample evidence of all the same facts. These factors militate against overcoming the privilege. The motion to compel production of Entry 2 should be denied.

**I.    ENTRY 2'S DISCUSSION IS IRRELEVANT TO DIRECTOR BERGIN'S ALLEGATIONS**

In August 2002, the Nation acquired a 2,600-acre parcel of land to the west of Gila Bend in Maricopa County. In September 2002, the Nation acquired a contiguous 1,166-acre parcel. The Nation acquired the two parcels, which it refers to collectively as the "Painted Rock Property," to provide land for housing for the people of the San Lucy District, who have been crowded into a 40-acre parcel at San Lucy Village since the flooding of their reservation lands. *See* TON Br. 6-7 (Doc. 59), *Gila River Indian Cmty. v. United States*, No. 11-15631 (9th Cir. Aug. 29, 2011) (describing acquisition); Exh. C (Eileen Ramirez Dep. Tr. 55:3-10 (Apr. 30, 2012); Dan Quigley Dep. Tr. 155:21-156:1 (Mar. 16, 2012)).

The notes in Entry 2 relate to the consideration by the Nation's Legislative Council of a request by the San Lucy District for an appropriation of funds to purchase the second of the Painted Rock parcels under the terms of the Gila Bend Indian Reservation Lands Replacement Act, Pub. L. No. 99-503, 100 Stat. 1798 (1986). *See* Exh. A (Tohono O'odham Legis. Council Res. No. 02-364 (Sept. 4, 2002), http://tolc-nsn.org/docs/Actions02/02364.pdf; Tohono O'odham Legis. Council Res. No. 02-347 (Aug. 12, 2002), http://tolc-nsn.org/docs/Actions02/02347.pdf; Tohono O'odham Legis. Council Res. No. 02-234 (May

20, 2002), http://tolc-nsn.org/docs/Actions02/02234.pdf; Tohono O'odham Legis. Council Res. No. 02-233 (May 20, 2002), http://tolc-nsn.org/docs/Actions02/02233.pdf).

The purchase of the Painted Rock Property and the legislative discussions relating to that purchase are irrelevant to Director Bergin's allegations that, during the 2003 Compact negotiations, the Nation purportedly concealed its intentions to build a casino in the Phoenix metropolitan area.  The Painted Rock Property is in a rural area, well outside the Phoenix metropolitan area as defined by Director Bergin in this litigation.  Moreover, it was acquired for the purpose of constructing housing for the San Lucy District.  Entry 2 is thus, as the Court surmised, not "particularly relevant" to this case.

## II.   THERE IS AMPLE ALTERNATIVE EVIDENCE

In any event, Director Bergin has access to ample evidence relating to the Nation's 2002 purchase of the Painted Rock Property.  *First*, Entry 2's brief discussion of the acquisition is memorialized in contemporaneous resolutions of the Nation's Legislative Council.  *See* Exh. A.  *Second*, the Nation already has produced documents to Director Bergin that provide the same information.  *See, e.g.*, Exh. B (noting cost and acreage). *Third*, multiple deponents were asked about and testified regarding the Painted Rock Property in the prior litigation, including the purpose for the acquisition and the need for confidentiality about the Nation's identity as the true purchaser to avoid inflated land prices. *See, e.g.*, Exh. C (Eileen Ramirez Dep. Tr. 55:3-10 (Apr. 30, 2012); Dan Quigley Dep. Tr. 155:21-156:1 (Mar. 16, 2012); James Chaston Dep. Tr. 87:15-88:2 (Apr. 25, 2012); Richard Ramirez Dep. Tr. 63:11-65:19 (Mar. 28, 2012)).  *Finally*, the Nation's acquisition of the Painted Rock Property has been extensively documented in other litigation before this Court in which the State has been involved.  *Tohono O'odham Nation v. City of Glendale*, No. 2:11-cv-279-DGC (preemption action); *Gila River Indian Cmty. v. United States*, No. 2:10-cv-1993-DGC (APA action).  Piercing the legislative privilege would shed no additional light on the evidence already available to Director Bergin.  *Arizona v. Arpaio*, 2016 WL 2587991, at *6 (D. Ariz. May 5, 2016) ("[T]he substantial availability of other evidence in this case tips the balance in favor of [upholding the privilege.]").

2

1       In sum, the Nation's acquisition of the Painted Rock Property is peripheral to the
2 issues in this case, and there is ample evidence that the Nation both considered acquiring the
3 Painted Rock Property, and purchased it, in 2002.  The limited information contained in
4 Entry 2 cannot justify disclosure of the privileged legislative deliberations.  The motion to
5 compel Entry 2 should be denied.[1]

---

[1] In the event the Court grants the motion to compel with respect to Entry 2, the Nation respectfully requests permission to redact all but the brief discussion on pages 1 and 2 of the document.

Dated: July 8, 2016

Respectfully submitted,

/s/ /Danielle Spinelli
Danielle Spinelli (*Pro hac vice*)
Kelly P. Dunbar (*Pro hac vice*)
Sonya L. Lebsack (*Pro hac vice*)
Kevin M. Lamb (*Pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 663-6000
danielle.spinelli@wilmerhale.com
kelly.dunbar@wilmerhale.com
sonya.lebsack@wilmerhale.com
kevin.lamb@wilmerhale.com

Paul K. Charlton (012449)
Karl M. Tilleman (013435)
Erin N. Bass (030104)
STEPTOE & JOHNSON LLC
201 East Washington Street, Suite 1600
Phoenix, Arizona 85004
(602) 257-5200
pcharlton@steptoe.com
ktilleman@steptoe.com
ebass@steptoe.com

Jennifer B. Bonneville (*Pro hac vice*)
STEPTOE & JOHNSON LLP
633 West Fifth Street, Suite 700
Los Angeles, California 90071
(213) 439-9400
jbonnevi@steptoe.com

Laura Berglan, Acting Attorney General (022120)
Office of Attorney General
TOHONO O'ODHAM NATION
P.O. Box 830
Sells, Arizona 85634
(520) 383-3410
laura.berglan@tonation-nsn.gov

*Counsel for Plaintiff Tohono O'odham Nation*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of July, 2016, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System, which will send a notice of filing to all counsel of record.

/s/ Danielle Spinelli

DANIELLE SPINELLI