FENNEMORE CRAIG, P.C.
Patrick Irvine (No. 006534)
Douglas C. Northup (No. 013987)
Carrie Pixler Ryerson (No. 028072)
2394 E. Camelback Road, Suite 600
Phoenix, AZ 85016-3429
Telephone: (602) 916-5000
Email: pirvine@fclaw.com
Email: dnorthup@fclaw.com
Email: cryerson@fclaw.com

GIBSON, DUNN & CRUTCHER LLP
Matthew D. McGill (admitted pro hac vice)
Matthew A. Hoffman (admitted pro hac vice)
1050 Connecticut Avenue N.W.
Washington, DC 20036
Telephone: (202) 955-8500
Email: mmcgill@gibsondunn.com
Email: mhoffman@gibsondunn.com

*Attorneys for Defendant
Director Daniel Bergin, Arizona Department
of Gaming*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| The Tohono O'odham Nation,<br><br>Plaintiff,<br><br>v.<br><br>Douglas Ducey, Governor of Arizona; Mark Brnovich, Arizona Attorney General; and Daniel Bergin, Director, Arizona Department of Gaming, in their official capacities,<br><br>Defendants. | No. 2:15-cv-01135-DGC<br><br>**DEFENDANT DANIEL BERGIN'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO COMPEL** |

**ARGUMENT**

On May 27, 2016, Director Bergin moved to compel the production of eight documents, numbered Entries 1 through 8, and six areas of testimony over which the Tohono O'odham Nation had previously asserted legislative privilege. ECF 153. On June 21, the Court granted the motion in part as to Entries 1 and 3-7, and asked the Nation to submit Entries 2 and 8 for *in camera* inspection. ECF 186. After reviewing the documents, on June 30, 2016, the Court ordered the Nation to produce Entry 8 and asked the parties to file supplemental memoranda addressing the question whether the "brief discussion of purchasing land in Maricopa County" reflected in Entry 2 was "relevant" or whether Director Bergin had "already obtained ample evidence that the Nation was considering such a purchase in August of 2002." ECF 200.

Entry 2, as described in Director Bergin's motion, consists of handwritten notes taken by Frances Miguel, a member of the Nation's Commerce Committee, during an August 29, 2002 session of the Tohono O'odham Nation's Legislative Council. As detailed below, Director Bergin does not have other direct evidence reflecting that the Nation's Legislative Council was discussing purchasing land in the greater Phoenix metropolitan area or was considering such a purchase in August of 2002, and notes about purchasing land in Maricopa County may be relevant to Director Bergin's claims of fraud and negligent misrepresentation in connection with the West Valley Casino. Disclosure is therefore appropriate for at least three reasons:

*First*, the document's contents, as described by the Court, appear to be highly relevant. A key question in this case is whether, before and during the 2002 compact negotiations, the Nation was searching for and considering the purchase of land in the metropolitan Phoenix market for gaming purposes but failed to disclose that fact to the State (and other tribes). Discussions by the Nation's Legislative Council about the possibility of purchasing land in Maricopa County in August 2002, before the Compact was signed, could shed additional light on this critical issue.

*Second*, Director Bergin has clear evidence relating to the San Lucy District's, VDI's, and the Nation's Commerce Committee's involvement in the search for land in the greater Phoenix metropolitan area in 2002. Director Bergin also has reason to believe that both the San Lucy District (one of 12 political districts that comprise the Nation) and VDI (a non-profit corporation chartered by the Nation for the benefit of the Nation and the San Lucy District, and whose Board must be comprised of Nation members) are arms of the Nation under governing Ninth Circuit and Arizona law.

But there is less evidence documenting the Nation's Legislative Council's direct involvement in the search for land in the greater Phoenix metropolitan area in August 2002. That is largely because, throughout this litigation and *TON I*, the Nation has tried mightily to draw arbitrary and false distinctions between itself, VDI, and the San Lucy District; to minimize the Commerce Committee's role in the land search; and to otherwise conceal its involvement in the search for land in the greater Phoenix metropolitan area. For example, although the Nation admitted that "[o]n August 1, 2002, the VDI board held a joint meeting with the Nation's Commerce Committee," and minutes from that meeting "state that '[t]he Commerce Committee is in full support of the land purchase for gaming purposes'" (*TON I*, ECF 204 ¶ 211):

− The Nation has tried to dispute that, in August 2002, members of its Commerce Committee toured possible gaming sites in the Phoenix metropolitan area (*see TON I*, ECF 204 ¶ 215);

− The Nation's witnesses have largely denied the Nation's direct involvement in the greater Phoenix metropolitan area land search in 2001 and 2002 (and have claimed not to remember facts about many other key issues in the case);

− In his recent deposition, the Nation's Rule 30(b)(6) witness—attorney and longtime counsel to the Nation Dan Quigley—denied that, "in 2002, the Nation was considering the possibility of acquiring property in the Phoenix metropolitan area for gaming purposes" (**Exhibit 1** [Dan Quigley 30(b)(6) Dep.] at 34:13–19); and

− Chairman Edward Manuel—who was the Nation's Chairman throughout compact negotiations and the Proposition 202 campaign—testified in his recent deposition that "the legislative council of the Nation never considered … purchasing land to open a casino in the greater Phoenix metropolitan area prior to April 2003." (**Exhibit 2** [Edward Manuel Dep.] at 136:12–20.)

*Third*, although evidence produced by the Nation during *TON I* showed that the Nation and members of its Legislative Council were involved in a search for land for a Phoenix-market casino during compact negotiations and the Proposition 202 campaign, the Nation "dispute[d] the admissibility and interpretation of much of this evidence" (*Arizona v. Tohono O'odham Nation*, 944 F. Supp. 2d 748, 763 (D. Ariz. 2013)), challenged the authenticity or foundation of certain key documents even though the Nation itself produced them (*see id.*; *see also, e.g.*, *TON I*, ECF 204 ¶¶ 203, 204, 216), and continues to refuse to stipulate to their authenticity or foundation.

If the Nation stands firm in its otherwise untenable position that some of the key documents it produced in *TON I* are inadmissible, then it surely cannot argue that ample evidence is already "available" under the qualified privilege analysis. Moreover, even if the Nation's evidentiary objections were well-founded (they are not), the Nation cannot contest the authenticity and foundation of Entry 2, which the Nation itself acknowledges was authored by Commerce Committee member Frances Miguel and reflects minutes, presumably kept in the ordinary course of business, from a meeting of the Nation's Legislative Council. ECF 153-1 at 75.

In sum, Entry 2 may well be relevant evidence documenting the Nation's and its Legislative Council's involvement in the search for Maricopa County land in 2002 for gaming purposes—one of the important issues in this case. Under the circumstances, Director Bergin believes the qualified privilege factors set forth in *Arizona v. Arpaio*, 2016 WL 2587991, at *1 (D. Ariz. May 5, 2016) strongly support disclosure of this document here.

| | | |
|---|---|---|
| 1 | DATED this 8th day of July, 2016. | GIBSON, DUNN & CRUTCHER LLP |

By   /s/ Matthew A. Hoffman
     Matthew D. McGill
     Matthew A. Hoffman

-and-

Patrick Irvine
Douglas C. Northup
Carrie Pixler Ryerson

FENNEMORE CRAIG, P.C.

*Attorneys for Defendant Director Daniel Bergin, Arizona Department of Gaming*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2016, I caused the foregoing document to be served upon the following persons via email to the addresses noted below:

| | |
|---|---|
| Seth P. Waxman<br>Danielle Spinelli<br>Kelly P. Dunbar<br>Sonya L. Lebsack<br>Wilmer Cutler Pickering Hale & Dorr LLP<br>1875 Pennsylvania Ave. NW<br>Washington, DC  2006<br>Email: seth.waxman@wilmerhale.com<br>Email: danielle.spinelli@wilmerhale.com<br>Email: kelly.dunbar@wilmerhale.com<br>Email: sonya.lebsack@wilmerhale.com<br>*Attorneys for Plaintiff*<br>*The Tohono O'odham Nation* | Jonathan Landis Jantzen<br>Laura Lynn Berglan<br>Tohono O'odham Nation<br>Office of the Attorney General<br>P. O. Box 830 Sells, AZ  85634<br>Email: jonathan.jantzen@tonation-nsn.gov<br>Email: laura.berglan@tonation-nsn.gov<br>*Attorneys for Plaintiff*<br>*The Tohono O'odham Nation* |

Paul K. Charlton
Karl M. Tilleman
Erin N. Bass
Steptoe & Johnson LLP
201 E. Washington Street Suite 1600
Phoenix, AZ  84004
Email: pcharlton@steptoe.com
Email: ktilleman@steptoe.com
Email: ebass@steptoe.com
*Attorneys for Plaintiff*
*The Tohono O'odham Nation*

/s/ Lauren Blas
An employee of Gibson, Dunn & Crutcher LLP

102145127.10