# EXHIBIT B

DRAFT LETTER FROM ATTORNEY GENERAL TO DEPARTMENT OF GAMING, CC TO GOVERNOR

Dear Director Bergin:

I am writing to provide a response to your letter dated [X], requesting an opinion regarding the authority of the Arizona Department of Gaming (the "ADG") to issue certifications in relation to the Tohono O'odham Nation's ("the Nation") construction and operation of a casino project in Glendale, Arizona (the "Glendale Project" or the "Project"). As has been memorialized in ongoing federal litigation, *see Arizona v. Tohono O'odham Nation*, 944 F. Supp. 2d 748 (D. Ariz. 2013), appeal docketed, No. 13-16517 (9th Cir.), as well as in recent correspondence between the ADG and the Nation, it remains the State's position that the Glendale Project is inconsistent with the terms of the 2002 Arizona Tribal-State Gaming Compact ("the Compact"). *See, e.g.* February 2, 2015 Letter from ADG to the Nation (hereinafter, the "February 2 Letter"). To this end, the Governor has authorized and directed the Attorney General to seek to pursue litigation in federal court, asserting—among other claims—that the Compact remains voidable by the State as a result of the Nation's material misrepresentations. *See* 944 F. Supp. 2d. The Nation maintains that it may lawfully construct and operate the Glendale Project under a recent ruling of the U.S. District Court for the District of Arizona. *See, e.g.*, February 13, 2015 Letter from the Nation to ADG (hereinafter, the "February 13 Letter").

In light of these circumstances and as described in further detail below, the ADG lacks authority to certify the Glendale Project to the extent that such certification would deviate from the State's clear position that the Project is inconsistent with the Compact and that the Compact remains voidable by the State.

I.  **Due to the Nation's Material Misrepresentations, The Compact is Voidable by the Governor**

The State retains the right to void the Compact at the Governor's discretion. As the State has explained in ongoing litigation with the Nation, the "Nation materially and fraudulently misrepresented that it could not and was not seeking to acquire additional reservation lands for gaming purposes in the Phoenix metropolitan area." *See* Amended Complaint at 22, ¶ 119, Doc. No. 26, *Arizona v. Tohono O'odham Nation*, CV11-0296-PHX-DGC, 2011 WL 2357833. The State's claims assert that the current Compact is voidable by the State. Although this contention was dismissed as barred by the Nation's invocation of sovereign immunity, the State continues to press it and it is currently pending appeal to the U.S. Court of Appeals for the Ninth Circuit.

Because the power to negotiate and ratify the Compact was granted exclusively to the Governor by statute, the Governor alone holds the power to void the Compact and may assert and preserve that power. *See* A.R.S. § 5-601(a) ("Notwithstanding any other law, this state, *through the governor*, may enter into negotiations and execute tribal-state compacts with Indian tribes in this state pursuant to the Indian gaming regulatory act of 1988.") (emphasis added); *see Salt River Pima-Maricopa Indian Community v. Hull*, 190 Ariz. 97, 101 (1997). ("By § 5-601 the

Legislature gave the governor the power to negotiate gaming compacts under IGRA, subject to the state's rights under the Tenth and Eleventh Amendments to the United States Constitution."). Just as then-Governor Hull executed the Compact in 2002, the Governor today holds the State's authority to void the Compact.

## II. The ADG Is Bound to Act in Accordance with Official State Policies and Positions, As Defined By the Governor

As a state agency charged with regulating gaming under Arizona's tribal-state compacts, the ADG lacks authority to deviate from state policy as defined by the Governor in ongoing litigation. Although the ADG retains the authority to carry out the State's responsibilities *under* such a Compact, it neither negotiates nor ratifies these agreements on behalf of the State. Accordingly, the ADG necessarily lacks the authority to pursue independently any action that could potentially void or affirm a Compact.

The ADG, like any Arizona state agency, is "created and maintained for the purpose of administering certain of the state's sovereign powers, and must proceed and act according to legislative authority as expressed or necessarily implied." *See Allen v. Indus. Comm'n of Ariz.*, 152 Ariz. 405, 411 (1987). To this end, "[t]he rule in Arizona is that an administrative officer and agencies have no common law or inherent powers[;] ... [t]he powers and duties of an administrative agency are to be measured by the statute creating them." *See id.*, citing *Cox v. Pima County Law Enforcement Merit Sys. Council*, 27 Ariz.App. 494, 495, 556 P.2d 342, 343 (1976), *relying upon Kendall v. Malcolm*, 98 Ariz. 329, 334, 404 P.2d 414, 417 (1965). The ADG's powers operate only under existing tribal compacts: "The department of gaming shall execute the duties of this state *under the tribal-state compacts* in a manner that is consistent with this state's desire to have extensive, thorough and fair regulation of Indian gaming permitted under the tribal-state compacts." A.R.S. § 5-602(c) (emphasis added); *see also* A.R.S. § 5-601(d) ("The department of gaming is authorized to carry out the duties and responsibilities of the state gaming agency in compacts executed by the state and Indian tribes of this state pursuant to the Indian gaming regulatory act.").

Although the ADG retains broad regulatory authority to govern the implementation and operation of Compacts executed by the State, it possesses no authority to negotiate such Compacts, nor to affirm or rescind the fruits of such negotiation. Accordingly, in light of the State's assertion that the Compact constitutes a voidable contract entered by fraud, the ADG cannot exercise its regulatory powers—including decisions regarding any certifications or approvals to open or operate the Glendale Project—except by direction from the Governor.

## III. The ADG is Not Bound to Certify or License the Glendale Project by Virtue of Previous Federal Court Rulings

Notwithstanding the Nation's recent assertions, the district court's ruling in *Arizona v. Tohono O'odham Nation* only *denied* relief requested by the State; it does not by its terms entitle the Nation to any certification or any other form of relief.

Nor does the ruling reach many of the State's most relevant claims. In its letter, the Nation articulated several grounds on which the district court concluded, on the merits, that the Compact cannot be reasonably viewed as precluding the Nation's pursuit of the Glendale Project. *See* February 13 Letter at 1-2, *citing* 944 F. Supp. 2d at 761, 768, 770-74. However, these were not the only claims asserted by the State in this action. In addition to the claims considered by the district court on their merits, the State made additional allegations including promissory estoppel, fraudulent inducement, and material misrepresentation. *See* Amended Complaint at 19-22. These claims were not subject to a final ruling on their merits by the district court. Rather, the court determined that such claims were barred by the Nation's sovereign immunity. Based on this result, the district court's ruling on these claims would have no offensive preclusive effect the Nation could assert against the ADG.

Accordingly, the ADG lacks authority to take any further action regarding the certification of the Glendale Project absent contrary direction from the Governor.

TON_GOVDAD000006

DRAFT LETTER FROM GOVERNOR TO DIRECTOR BERGIN

Dear Director Bergin:

I understand that your office may in the near future be asked to undertake regulatory activities with respect to the Tohono O'odham Nation's proposed Glendale casino, and that you have received guidance from the Attorney General regarding your duties under A.R.S. § 5-602 to promote the public welfare and to ensure thorough and fair regulation of gaming in Arizona. By this letter I am reaffirming the State's position, already articulated in pending litigation, that Tohono O'odham's pursuit of this casino is contrary to the public interest and is the product of fraud, fraudulent concealment, and misrepresentation. I would urge that you duly consider these matters in any deliberations.

As you know, the State filed suit against Tohono O'odham in 2011 alleging, among other things, that Tohono O'odham committed fraud and misrepresentation during compact negotiations and during the Proposition 202 campaign in 2002. Among the alternative remedies in the complaint, the State sought either to have Tohono O'odham's compact reformed consistent with the promises and representations it made, or to have the court declare that the State may void the compact. That is, rather than void the compact immediately, the State preferred to have the matter adjudicated, and so filed suit to have its power to void the compact declared in court.

Tohono O'odham asserted tribal sovereign immunity and persuaded the trial court that it lacked jurisdiction to make such a declaration. The State has appealed the court's refusal to address the issue, and that appeal is still pending. Nonetheless, discovery in the case produced compelling evidence that Tohono O'odham indeed had committed fraud and misrepresentation and that its plans for the Glendale casino are the direct and calculated product of that misconduct. The evidence of tortious and grossly inequitable misconduct here is overwhelming, and is available on the public docket. Tohono O'odham's conduct, and its refusal to answer for the conduct in a court of law, are inconsistent with Arizona's high standards for regulated gaming, and merit your careful review.

Moreover, while the court decision regarding immunity is on appeal, my inherent power to void a compact obtained by fraud is unaffected by Tohono O'odham's actions to prevent a judicial declaration regarding that power. You should be aware that I continue to reserve that power to void the compact as a last resort, although I continue to trust that its exercise will prove unnecessary once appeals have concluded, the compact is properly interpreted, and other related issues have been resolved.

Apparently, rather than risk the outcome of the judicial process, Tohono O'odham is proceeding to construct a building that is intended to serve as the proposed casino, even while appeals are still pending. This attempt to force on the people of Arizona the product of a fraud rather than allow the legal process to play out creates unnecessary additional conflict, and is regrettable. It also represents a large calculated risk by Tohono O'odham that, given the facts as they now stand, they are building a structure that will never qualify for its intended purpose as a gaming facility. Tohono O'odham no doubt understands the risks it is running. Nevertheless, if in the course of your duties you agree with me that the evidence I refer to would, without more, be grounds for denial of regulatory approvals necessary to operate the proposed casino, then I urge

you to communicate that to the Tohono O'odham Nation at the earliest appropriate date, for its benefit in assessing those risks.

TON_GOVDAD000008