# EXHIBIT C

| | |
|---|---|
| **From:** | Staudenmaier, Heidi McNeil <hstaudenmaier@swlaw.com> |
| **Sent:** | Friday, June 24, 2016 11:25 AM |
| **To:** | Dunbar, Kelly P.; Hoffman, Matthew; DNORTHUP@FCLAW.com; PIRVINE@FCLAW.com |
| **Cc:** | Spinelli, Danielle; Tilleman, Karl (KTillema@steptoe.com); Lebsack, Sonya L; Bonneville, Jennifer; Bass, Erin; Johnson, Brett W. (PHX); Agne, Sara; Delaney, Sarah |
| **Subject:** | RE: Tohono O'odham Nation v. Bergin |

Kelly,

I agree that we're at an impasse on this matter – we do not agree with your views. I will be out of the office in meetings most of the day - could you please connect with Brett Johnson for any communications with the Court? Thank you.

Heidi McNeil Staudenmaier, Partner
Snell & Wilmer LLP
Direct 602.382.6366
Cell 602.799.7735
hstaudenmaier@swlaw.com

---

**From:** Dunbar, Kelly P. [mailto:Kelly.Dunbar@wilmerhale.com]
**Sent:** Friday, June 24, 2016 4:23 AM
**To:** Staudenmaier, Heidi McNeil; Hoffman, Matthew; DNORTHUP@FCLAW.com; PIRVINE@FCLAW.com
**Cc:** Spinelli, Danielle; Tilleman, Karl (KTillema@steptoe.com); Lebsack, Sonya L; Bonneville, Jennifer; Bass, Erin; Johnson, Brett W. (PHX); Agne, Sara; Delaney, Sarah
**Subject:** RE: Tohono O'odham Nation v. Bergin

Good morning, Heidi:

I believe we are at an impasse on this issue.  But we'd make several points in response to your email:

First, the Ninth Circuit in *Ibrahim* made no mention of an exceptional circumstances test.  It held, consistent with the plaint text of Rule 26, that the "rule does not prevent disclosure of the identity of a nontestifying expert."  669 F.3d at 999.  That same legal principle applies here.

Second, Rule 26 is also inapplicable because the communications at issue here occurred months before the litigation.  Without more information, it is difficult to see how this consulting expert could have been retained for litigation or even in anticipation of litigation given the timing.

Third, we assume, but do not know, that the consulting expert – who appears to have drafted the letters that began this dispute – is an attorney.  Under any legal test, we are aware of no authority that would allow a party to shield the identity of outside counsel by labelling the attorney a consulting expert.  Any attorney-client privilege, of course, would not protect the identity of the attorney.

Fourth, the identity of the expert is relevant because the Nation is entitled to know facts relating to Director Bergin's and the Governor's decision to send the letters that initiated this controversy.

Please let us know promptly if you are willing to change your position. Otherwise, we will contact the Court today to set up a time to have this issue resolved by the Judge.

Many thanks, Kelly

**Kelly P. Dunbar | WilmerHale**
+1 202 663 6262 (t)
kelly.dunbar@wilmerhale.com

---

**From:** Staudenmaier, Heidi McNeil [mailto:hstaudenmaier@swlaw.com]
**Sent:** Friday, June 24, 2016 12:30 AM
**To:** Dunbar, Kelly P.; Hoffman, Matthew; DNORTHUP@FCLAW.com; PIRVINE@FCLAW.com
**Cc:** Spinelli, Danielle; Tilleman, Karl (KTillema@steptoe.com); Lebsack, Sonya L; Bonneville, Jennifer; Bass, Erin; Johnson, Brett W. (PHX); Agne, Sara; Delaney, Sarah
**Subject:** RE: Tohono O'odham Nation v. Bergin

Kelly,

My email of June 13, 2016, was the last substantive communication on the consulting expert issue – which is re-produced, in part, below:

**Disclosure of Consulting Expert Identity**
**Upon your recommendation, we have reviewed** *Ibrahim v. Dep't of Homeland Security*, **669 F.3d 983 (9th Cir. 2012). We believe this case must be viewed in the context of the matter – national security. Therefore, although the court did require the plaintiff to disclose the names of her consulting experts, it was so the experts could complete background checks in advance of receipt of classified documents. Clearly, "exceptional circumstances" were implicated in the matter.**

**Based on the general stance of 9th Circuit case law, we still believe that the Governor's Office is not currently required to disclose the identity of the consulting expert. Therefore, our prior position on non-disclosure remains unchanged.**

To date, we have received no response to the June 13th email. There has been no showing as to how the identity of any such consulting expert is relevant to your case. Moreover, who an attorney speaks to in preparation for litigation is clearly privileged. Further, there has been no support as to how "exceptional circumstances" are implicated here. We are happy to meet and confer, but would appreciate your response first to our issues as set forth herein. Thank you.

**Heidi McNeil Staudenmaier, Partner**
**Snell & Wilmer LLP**
**Direct 602.382.6366**
**Cell 602.799.7735**
**hstaudenmaier@swlaw.com**

---

**From:** Dunbar, Kelly P. [mailto:Kelly.Dunbar@wilmerhale.com]
**Sent:** Thursday, June 23, 2016 10:18 AM
**To:** Hoffman, Matthew; DNORTHUP@FCLAW.com; PIRVINE@FCLAW.com; Staudenmaier, Heidi McNeil

**Cc:** Spinelli, Danielle; Tilleman, Karl (KTillema@steptoe.com); Lebsack, Sonya L; Bonneville, Jennifer; Bass, Erin
**Subject:** Tohono O'odham Nation v. Bergin

Counsel:

I am writing to confirm that we plan to reach out to the Court with respect to two remaining discovery issues. We have previously met and conferred on these issues, but if further discussions would be productive, please let us know promptly.

*First*, the Nation intends to raise with the Court Director Bergin's claims of a common interest privilege with The Gila River Indian Community unless Director Bergin will produce entry 102 on his privilege log. As you recall, Director Bergin, as the ADG 30(b)(6) witness, testified that there was no common interest agreement with The Gila River Indian Community and that he did not know of any common interest between ADG and The Gila River Indian Community. In any event, Director Bergin has not identified a sufficient basis for claiming that ADG and one of the entities that it regulates could have a joint legal strategy with respect to this litigation, particularly when the communication at issue occurred in before Director Bergin was a party to this litigation. We ask that you produce that document.

*Second*, we reaffirm our request that the identity of "consulting expert" identified on the privilege log of the Governor's Office be disclosed. In addition, we request that you describe in detail the nature of the consulting agreement underlying the purported expert status.

Please let me know if you'd like to meet and confer. If not, please let me know when you'd like to get on the phone this afternoon with the clerk to arrange a call.

Kelly

**Kelly P. Dunbar | WilmerHale**
1875 Pennsylvania Avenue NW
Washington, DC 20006 USA
+1 202 663 6262 (t)
+1 202 663 6363 (f)
kelly.dunbar@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.