# EXHIBIT D

FENNEMORE CRAIG, P.C.
Patrick Irvine (No. 006534)
Douglas C. Northup (No. 013987)
Carrie Pixler Ryerson (No. 028072)
2394 E. Camelback Road, Suite 600
Phoenix, AZ 85016-3429
Telephone: (602) 916-5000
Email: pirvine@fclaw.com
Email: dnorthup@fclaw.com
Email: cryerson@fclaw.com

GIBSON, DUNN & CRUTCHER LLP
Matthew D. McGill (admitted pro hac vice)
Matthew A. Hoffman (admitted pro hac vice)
Timothy W. Loose (admitted pro hac vice)
Andrew G. Pappas (admitted pro hac vice)
1050 Connecticut Avenue N.W.
Washington, DC 20036
Telephone: (202) 955-8500
Email: mmcgill@gibsondunn.com
Email: mhoffman@gibsondunn.com
Email: tloose@gibsondunn.com
Email: apappas@gibsondunn.com

Attorneys for Defendant
*Director Daniel Bergin, Arizona Department of Gaming*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| The Tohono O'odham Nation,<br><br>Plaintiff,<br><br>v.<br><br>Douglas Ducey, Governor of Arizona; Mark Brnovich, Arizona Attorney General; and Daniel Bergin, Director, Arizona Department of Gaming, in their official capacities,<br><br>Defendants. | No. 2:15-cv-01135-DGC<br><br>**DIRECTOR BERGIN'S *SUPPLEMENTAL* RESPONSES AND OBJECTIONS TO THE TOHONO O'ODHAM NATION'S FIRST SET OF NONUNIFORM INTERROGATORIES TO DEFENDANT BERGIN** |

Subject to without waiving the foregoing objections, Director Bergin responds that he relies on the following provisions of Arizona law as bases for his conclusion that he does not have authority to authorize gaming that is not being conducted pursuant to a valid Tribal-State Compact or gaming that is otherwise inconsistent with Arizona state law:

**A.R.S. § 5-601(D):** "The department of gaming is authorized to carry out the duties and responsibilities of the state gaming agency in compacts executed by the state and Indian tribes of this state pursuant to the Indian gaming regulatory act."

**A.R.S. § 5-602(C):** "The department of gaming shall execute the duties of this state under the tribal-state compacts in a manner that is consistent with this state's desire to have extensive, thorough and fair regulation of Indian gaming permitted under the tribal-state compacts."

**A.R.S. § 13-3301(6):** "'Regulated gambling' means either:

(a) Gambling conducted in accordance with a tribal-state gaming compact or otherwise in accordance with the requirements of the Indian gaming regulatory act of 1988 (P.L. 100-497; 102 Stat. 2467; 25 United States Code sections 2701 through 2721 and 18 United States Code sections 1166 through 1168); or

(b) Gambling to which all of the following apply:

(i) It is operated and controlled in accordance with a statute, rule or order of this state or of the United States.

(ii) All federal, state or local taxes, fees and charges in lieu of taxes have been paid by the authorized person or entity on any activity arising out of or in connection with the gambling.

(iii) If conducted by an organization which is exempt from taxation of income under section 43-1201, the organization's records are open to public inspection."

**INTERROGATORY NO. 6:**

Identify each Person who was involved in the drafting or preparation of, or who reviewed or had input into any drafts of Exhibits E, F, H, and J to the Nation's Complaint (Doc. 1), including any and all attachments to those exhibits. *See* Compl. Exh. E (Doc. 1-4); Exh. F

(Doc.1-5); Exh. H (Doc. 1-5); and Exh. J (Doc. 1-5). In identifying Persons, please indicate the particular Exhibit or attachment in which the Person was involved.

**RESPONSE TO INTERROGATORY NO. 6:**

Director Bergin restates and incorporates his Preliminary Statement as though fully set forth herein. Director Bergin objects to this Interrogatory to the extent it seeks information that is neither relevant to the allegations in the Nation's Complaint or Director Bergin's Counterclaims nor proportional to the needs of the case. To the extent Director Bergin provides information in response to this Interrogatory, Director Bergin does not concede that the information is admissible in evidence or relevant to the allegations in the Nation's Complaint or Director Bergin's Counterclaims. Director Bergin further objects to the term "input," which further renders this Interrogatory vague, ambiguous, overly broad, and unduly burdensome. Director Bergin further objects to this Interrogatory to the extent it imposes substantial, unjustifiable, and significant discovery costs and search burdens on Director Bergin. Director Bergin objects to this Interrogatory to the extent it fails to specify a relevant time period. Director Bergin objects to this Interrogatory to the extent it would require Director Bergin to search for and provide information that is not in Director Bergin's possession, custody, or control. Specifically, Director Bergin objects to the Interrogatory to the extent it seeks documents in the possession, custody, or control of the Governor or Attorney General of Arizona, or the Arizona State Archives. Director Bergin objects to the Interrogatory to the extent it seeks to impose obligations to produce publicly available information, or to produce information that is equally or more easily available to the Nation than it is to Director Bergin, or to produce documents that are already in the possession of a non-party and are readily available to the Nation. Director Bergin objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common-interest privilege, or by any other applicable privilege or immunity from production. Such information will not be produced, and nothing contained in Director Bergin's response to this Interrogatory is intended to be, or

in any way should be deemed to be, a waiver of any such privilege or immunity except where specifically stated otherwise.

Subject to and without waiving the foregoing objections, Director Bergin responds that he and his attorney, Roger Banan, drafted the letters attached as exhibits E, F, H, and J to the Nation's Complaint.

**INTERROGATORY NO. 7:**

Identify every Communication that You have had with any Person, including but not limited to other departments or agencies of the State, regarding whether to withhold certifications, or take any other regulatory action, related to the Nation's West Valley Resort (identified in the first sentence of Paragraph 64 of the Nation's Complaint, admitted by Defendant Bergin).

**RESPONSE TO INTERROGATORY NO. 7:**

Director Bergin restates and incorporates his Preliminary Statement as though fully set forth herein. Director Bergin objects to this Interrogatory to the extent it seeks information that is neither relevant to the allegations in the Nation's Complaint or Director Bergin's Counterclaims nor proportional to the needs of the case. To the extent Director Bergin provides information in response to this Interrogatory, Director Bergin does not concede that the information is admissible in evidence or relevant to the allegations in the Nation's Complaint or Director Bergin's Counterclaims. Director Bergin further objects to this Interrogatory on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome. Specifically, Director Bergin objects to the terms "You," which Director Bergin will construe to mean "Director Bergin in his official capacity"—the only defendant against whom the Nation's lawsuit remains pending. Director Bergin further objects to the term "any other regulatory action," which further renders this Interrogatory vague, ambiguous, overly broad, and unduly burdensome. Director Bergin further objects to this Interrogatory to the extent it calls for a legal conclusion. Director Bergin further objects to this Interrogatory to the extent it imposes substantial, unjustifiable, and significant discovery costs and search burdens on Director Bergin. Director Bergin objects to this Interrogatory to the extent it fails to specify a relevant time period. Director Bergin objects to this Interrogatory to the extent it

Gibson, Dunn & Crutcher LLP

24

DATED: June 16, 2016.

FENNEMORE CRAIG, P.C.

By *[signature]*
Patrick Irvine
Douglas C. Northup
Carrie Pixler Ryerson

-and-

Matthew D. McGill
Matthew A. Hoffman
Timothy W. Loose
Andrew G. Pappas
GIBSON, DUNN & CRUTCHER LLP

*Attorneys for Defendant/Counterclaimant Director Daniel Bergin, Arizona Department of Gaming*

Gibson, Dunn &
Crutcher LLP

# CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2016, I caused the foregoing document to be served upon the following persons via email to the addresses noted below:

Seth P. Waxman
Danielle Spinelli
Kelly P. Dunbar
Sonya L. Lebsack
Kevin M. Lamb
Wilmer Cutler Pickering Hale & Dorr LLP
1875 Pennsylvania Ave. NW
Washington, DC  20006
Email: seth.waxman@wilmerhale.com
Email: danielle.spinelli@wilmerhale.com
Email: kelly.dunbar@wilmerhale.com
Email: sonya.lebsack@wilmerhale.com
Email: kevin.lamb@wilmerhale.com
*Attorneys for Plaintiff
The Tohono O'odham Nation*

Paul K. Charlton
Karl M. Tilleman
Erin N. Bass
Steptoe & Johnson LLP
201 E. Washington St., Suite 1600
Phoenix, AZ  85004
Email: pcharlton@steptoe.com
Email: ktilleman@steptoe.com
Email: ebass@steptoe.com
*Attorneys for Plaintiff
The Tohono O'odham Nation*

Jonathan Landis Jantzen
Laura Lynn Berglan
Tohono O'odham Nation
Office of the Attorney General
P. O. Box 830
Sells, AZ  85634
Email: jonathan.jantzen@tonation-nsn.gov
Email: laura.berglan@tonation-nsn.gov
*Attorneys for Plaintiff
The Tohono O'odham Nation*

Jennifer B. Bonneville
Steptoe & Johnson LLP
633 W. Fifth Street, Suite 700
Los Angeles, CA 90071
Email: jbonneville@steptoe.com
*Attorneys for Plaintiff
The Tohono O'odham Nation*

_/s/ Phyllis Warren_
An employee of Fennemore Craig, P.C.

11723569