**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tohono O'odham Nation, | No. CV-15-01135-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Douglas A Ducey, et al., | |
| Defendants. | |

This discovery dispute involves the propriety of Director Bergin's assertion of the common interest privilege. After a telephonic discovery conference, the Court ordered Director Bergin to submit for in camera review Entry 102 on his privilege log. After reviewing the document, the Court requested additional briefing. The Court has reviewed the briefing (Docs. 227, 228), and concludes that the common interest privilege does not protect Entry 102 from disclosure.

The common interest privilege was first adopted in the criminal defense context. In *Continental Oil Co. v. United States*, 330 F.2d 347 (9th Cir. 1964), two defendants were summoned to testify before a grand jury. They retained separate attorneys, each of whom interviewed his or her client, prepared a summary of the interview, and exchanged the summary with the other defense lawyer. *Id.* at 348. The purpose of this exchange was to make "representation of their clients in connection with the Grand Jury investigation and any resulting litigation, more effective." *Id.* at 348-49. The government subsequently sought to discover these summaries, and the trial court held

that they were not privileged. *Id.* The Ninth Circuit reversed, finding that the attorney-client privilege had not been waived when the summaries were shared. The court recognized a "joint-defendant exception" to the ordinary rule that privileges are waived when privileged material is shared with third parties. *Id.* at 350; *see also Hunydee v. United States*, 355 F.2d 183, 185 (9th Cir. 1965) ("[W]here two or more persons who are subject to possible indictment in connection with the same transactions make confidential statements to their attorneys, these statements, even though they are exchanged between attorneys, should be privileged to the extent that they concern common issues and are intended to facilitate representation in possible subsequent proceedings.").

The joint defense privilege has been extended to civil cases. In *United States v. Gonzalez*, 669 F.3d 974 (9th Cir. 2012), a husband and wife were convicted in separate trials for fraud arising from an insurance scam. The wife subsequently filed a petition for habeas corpus – technically, a civil proceeding – arguing that her trial counsel had been ineffective for failing to call as an exculpatory witness the husband, who had given a statement that the wife had nothing to do with the crime before ultimately claiming at trial that the wife was responsible. *Id.* at 976. When the government subpoenaed the wife's trial counsel about communications received from the husband's lawyer, the husband moved to quash the subpoena on the basis of the joint defense privilege. *Id.* at 976-77.

The Ninth Circuit acknowledged that it "has long recognized that the joint defense privilege is 'an extension of the attorney-client privilege.'" *Id.* at 978 (citations omitted). The court explained:

> [w]hether the jointly interested persons are defendants or plaintiffs, and whether the litigation or potential litigation is civil or criminal, the rationale for the joint defense rule remains unchanged: persons who *share a common interest in litigation* should be able to communicate with their respective attorneys and with each other to more effectively prosecute or defend their claims.

*Id.* at 978 (citing *In re Grand Jury Subpoenas*, 902 F.2d 244, 249 (4th Cir. 1990)

(emphasis added)). The court also made clear that parties invoking the privilege "need not have identical interests and may even have some adverse motives," but they must at least "be engaged in maintaining substantially the same cause on behalf of other parties in the same litigation." *Id.* at 980-81 (quotation marks and citations omitted). The Ninth Circuit found that a joint defense agreement existed between the husband and wife prior to the trials, but found that the arrangement may have ended before the trials and therefore remanded for further proceedings. *Id.* at 983.

From these cases we learn that the joint defense privilege, or, more broadly, the common interest privilege, is essentially an extension of the attorney-client privilege. Director Bergin argues that the privilege applies in the absence of pending litigation. Doc. 228 at 2-4. He is correct; pending litigation is not a prerequisite. *Gonzalez*, 669 F.3d at 978 (citing *In re Grand Jury Subpoenas*, 902 F.2d at 249).

Director Bergin next argues that the privilege may apply in the regulatory context. Doc. 228 at 4. The Director cites cases involving the regulatory context, but none is particularly helpful. This case is unlike *United States v. Bergonzi*, 216 F.R.D. 487 (N.D. Cal. 2003), which involved a direct adversity between the regulator and the regulated party that is absent here. Nor is this case like *Broessel v. Triad Guaranty Insurance Co.*, 238 F.R.D. 215 (W.D. Ky. 2006), which recognized a common legal interest "that extends to legislative and regulatory matters, as well as in matters in litigation or could lead to litigation." *Id.* at 220. *Broessel* does not shed light on whether a regulator like the Arizona Department of Gaming may enter into a common interest agreement with an entity it regulates for the purpose of opposing the actions of another entity it regulates.

The closest case to this dispute appears to be *In re Lidoderm Antitrust Litigation*, MDL No. 2521, 2016 WL 861019 (N.D. Cal. 2016), which involved the denial of the common interest privilege to parties that shared only a common commercial or business interest, rather than a common legal interest. *Id.* at \*4. As the court in *Lidoderm* explained: "the common interest privilege protects documents shared between parties who have a common *legal* interest; it does not extend to and cannot protect disclosure of

- 3 -

communications regarding a common *business* interest." *Id.* (emphasis in original); *see also In re Pac. Pictures Corp.*, 679 F.3d 1121, 1129 (9th Cir. 2012) ("a shared desire to see the same outcome in a legal matter is insufficient to bring a communication between two parties within this exception"); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 578 (N.D. Cal. 2007) ("that legal assistance must pertain to the matter in which the parties have a joint legal interest, and the communication must be designed to further that specific legal interest").

Director Bergin has not identified a common legal interest between the Arizona Department of Gaming and Gila River. True, they share a common goal of stopping the West Valley Resort, but this common interest is not akin to those shared by parties faced with or seeking to assert the same criminal or civil claims. Gila River has a strong commercial incentive to stop the West Valley Casino. Director Bergin's interest is not commercial. As a state regulator, he seeks to bar what he views as a fraudulently procured casino operation. Despite multiple opportunities to do so, Director Bergin has been unable to locate, and the Court has not found, a single case recognizing a common interest privilege in similar circumstances.

The Nation notes, correctly, that recognition of a common interest privilege in this case would constitute a significant extension of the doctrine. Doc. 227 at 4-5. The Court cannot find in the roots of the joint defense privilege a reasonable basis for extending the doctrine to parties who merely share a common goal with no common legal interests.

The Court also finds troubling the notion that a state regulatory body could join in a privilege-protected partnership with one of the entities it regulates to thwart expansion efforts of another entity it regulates, whether or not the regulatory body has a valid basis for opposing the expansion. That appears to be what is happening here. The Nation identifies several relevant circumstances surrounding Entry 102, including the timing with respect to the vendor letters, the involvement of a lobbyist for Gila River, and additional letters to the Congressional Budget Office and the Arizona Department of Liquor Licenses and Control.

Whether it is appropriate for the Director to partner with a regulated entity in such actions is a question beyond the scope of this order or the jurisdiction of this Court, but to say that their communications in such an endeavor are privileged and immune from discovery is quite another matter.  The Court can find no basis for such an expansive privilege in the case law, and sees ample reasons for caution before recognizing it.  The Court therefore declines to recognize the common interest privilege asserted by the Director.

**IT IS ORDERED** that Director Bergin shall produce Entry 102 to the Nation within three business days of this order.

Dated this 25th day of July, 2016.

_____
David G. Campbell
United States District Judge