Laura Berglan, Acting Attorney General (022120)
Office of Attorney General
TOHONO O'ODHAM NATION
P.O. Box 830
Sells, Arizona 85634
(520) 383-3410
laura.berglan@tonation-nsn.gov

Seth P. Waxman (*Pro hac vice*)
Danielle Spinelli (*Pro hac vice*)
Kelly P. Dunbar (*Pro hac vice*)
Sonya L. Lebsack (*Pro hac vice*)
Kevin M. Lamb (*Pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 663-6000
seth.waxman@wilmerhale.com
danielle.spinelli@wilmerhale.com
kelly.dunbar@wilmerhale.com
sonya.lebsack@wilmerhale.com
kevin.lamb@wilmerhale.com

*Counsel for Plaintiff Tohono O'odham Nation*

COUNSEL CONTINUED ON FOLLOWING PAGE

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| The Tohono O'odham Nation, <br><br> Plaintiff, <br> v. <br><br> Douglas Ducey, Governor of Arizona; Mark Brnovich, Arizona Attorney General; and Daniel Bergin, Director, Arizona Department of Gaming, in their official capacities, <br><br> Defendants. | Case No. 2:15-cv-01135-PHX-DGC <br><br> **THE TOHONO O'ODHAM NATION'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO STRIKE DEFENDANT BERGIN'S STATEMENT OF FACTS (DOC. 274)** |

Paul K. Charlton (012449)
Karl M. Tilleman (013435)
Erin N. Bass (030104)
STEPTOE & JOHNSON LLP
201 East Washington Street, Suite 1600
Phoenix, Arizona 85004
(602) 257-5200
pcharlton@steptoe.com
ktilleman@steptoe.com
ebass@steptoe.com

Jennifer B. Bonneville (*Pro hac vice*)
STEPTOE & JOHNSON LLP
633 West Fifth Street, Suite 700
Los Angeles, California 90071
(213) 439-9400
jbonnevi@steptoe.com

*Counsel for Plaintiff Tohono O'odham Nation*

Director Bergin's response (Doc. 277) offers no persuasive justification for submitting a 38-page-total Separate Statement of Facts and Controverting Statement of Facts (the "Statement") (Doc. 274) in violation of the Case Management Order ("CMO") (Doc. 107). The language of both the CMO and the Local Rule is unambiguous, and like his prolix filing, Director Bergin's protest (at 3) of "unfair[ness]" fundamentally misapprehends the burden imposed on a party opposing summary judgment. In addition, Director Bergin's request for alternative relief should be denied—not simply because rules are rules but because, as even a cursory review of the Statement demonstrates, his submission is improper. Filled with elaboration and argument that belong in his brief, his Statement flouts the page limits not only on statements of facts but also on memoranda. If, as Director Bergin asserts (at 3), the Nation moved for summary judgment on disputed "fact-intensive issues," his burden in opposing that motion is easily carried in 10 pages. The just and efficient administration of this case is best served by requiring him to submit a concise, chosen set of facts that respond to the facts put at issue in the Nation's summary judgment motion.

1. As an initial matter, Director Bergin's interpretation of the CMO and Local Rule 56.1 is meritless. He acknowledges (at 2) that the CMO provides that "'[s]tatements of fact required by Local Rule of Civil Procedure 56.1 shall not exceed ten pages in length,'" but nevertheless claims that he is entitled to file "his own 10-page separate statement of additional material facts" as well as a page-unlimited "controverting statement of facts."[1] As Local Rule 56.1 makes clear, however, the non-movant files a single "Controverting Statement of Facts":

> **Controverting Statement Of Facts:** Any party opposing a motion for summary judgment must file **a statement … setting forth: (1)** for each paragraph of the moving party's separate statement of facts, a correspondingly numbered paragraph indicating whether the party disputes the statement of fact set forth in that paragraph and a reference to the specific admissible

---

[1] Director Bergin's suggestion (at 2 n.1) that a 10-page limit for the Statement is only "feasible" under *state* procedural rules is baffling. Arizona Rules of Civil Procedure do not apply in this Court. *E.g.*, *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996).

> portion of the record supporting the party's position if the fact is disputed**; and (2)** any additional facts that establish a genuine issue of material fact or otherwise preclude judgment in favor of the moving party.

L.R. Civ. 56.1(b) (emphasis added). That controverting statement responds to the moving party's "Separate Statement of Facts," which is likewise "a [single] statement." L.R. Civ. 56.1(a). The CMO plainly limits *each* party's statement to 10 pages.

Director Bergin cites no authority for the proposition that Local Rule 56.1(b) gives a non-movant *two* statements. Indeed, that notion has been flatly rejected by other courts in this district. *See EEOC v. AutoZone, Inc.*, 2008 WL 2509302, at *2 (D. Ariz. June 18, 2008) (granting motion to strike because "Local Rule 56.1(b) … requires that a party responding to a motion for summary judgment file a single [statement]"); *Marceau v. International Brotherhood of Elec. Workers*, 618 F. Supp. 2d 1127, 1141 (D. Ariz. 2009) ("[Local Rule] 56.1(b) does not permit the nonmoving party to file two separate pleadings; the nonmoving party may file only one pleading, which first addresses the moving party's statement of facts and then supplements those facts with additional facts in support of the non-moving party's opposition to summary judgment."). Nor can Director Bergin explain why this Court's CMO would choose to govern the length of "additional facts" demonstrating a dispute of fact but not "controverting" facts that do the same thing.

2. Reading the Local Rules and CMO to mean precisely what they say is entirely fair, both as a general principle and in this case. The showing required of a party opposing summary judgment is that "there is a genuine issue of material fact" as to the elements on which the other party has moved. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-586 (1986). "The nonmovant need not establish a material issue of fact conclusively in its favor." *Roop v. Ryan*, WL 3155402, at *1 (D. Ariz. June 20, 2013) (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-289 (1968)). Director Bergin's arguments to the contrary miss the mark. The length of the controverting statement of facts has nothing to do with "the general rule that presumptions are drawn in favor of the party opposing summary judgment" (Bergin Opp. 3). Nor does limiting the statement to 10

2

pages—where the movant's statement is identically limited—prevent the non-movant from "refer[ing] to the specific admissible portion of the record where the fact finds support." L.R. Civ. 56.1(b).

3. Director Bergin's complaints ring particularly hollow given that his Statement is littered with "factual" narratives (including in response to undisputed facts) as well as miscellaneous legal arguments.  *See, e.g.*, Doc. 274 at 10, 17-18, 19, 27-38.  That approach is improper, as numerous courts have explained.  *E.g.*, *Pruett v. Arizona*, 606 F. Supp. 2d 1065, 1075 (D. Ariz. 2009) ("[Rule 56.1(b)] requires the controverting party to provide a specific record reference supporting the party's position if a fact is disputed; it does not permit explanation and argument supporting the party's position to be included …. Argument may be made in the response or reply brief on the motion for summary judgment, but within the page limits."); *Montalvo v. Am. Family Mut. Ins. Co.*, 2014 WL 2986678, at *1 n.1 (D. Ariz. July 2, 2014) ("Plaintiffs' controverting statement of facts … improperly contains legal arguments[.]").  Indeed, inclusion of factual elaboration and argument in the Statement circumvents the page limits on memoranda contained in this Court's Order (Doc. 236)—limits to which counsel for Director Bergin agreed.  8/5/16 Hr'g Tr. 28 (Doc. 238) ("We would ask for the same number of pages[.]").[2]

His Statement thus not only violates the CMO and Local Rule 56.1(b), it subverts this Court's clear strictures for briefing this motion and inappropriately places the burden on this Court to scrutinize an unfocused, quadruple-length statement (and voluminous exhibits) to identify material disputes.  8/5/16 Hr'g Tr. 24 ("make your statements of fact as focused and specific on those points as possible"); *see, e.g.*, *Phillips v. Quality Terminal Servs.*, *LLC*, 855 F. Supp. 2d 764, 771 (N.D. Ill. 2012) ("When analyzing Local Rule 56.1(b) statements,

---

[2] Director Bergin's attempt (at 4) to smuggle arguments and long-winded "bases for his disputes" into his Statement is especially problematic given this Court's extension of the page limits for parties' memoranda to 30 pages from the 17 pages provided for in Local Rule 7.2(e).  *See* Doc. 236 (minute entry).  There is no reason why Director Bergin cannot oppose summary judgment "with the detail the Court's rules and the Ninth Circuit law require" (Opp. 4) in a 30-page brief and a 10-page statement.

3

1  courts are not required to 'wade through improper denials and legal argument in search of a
2  genuinely disputed fact.'"). Director Bergin provides no reason this Court (or the Nation)
3  should do his work for him—work required by the CMO, Local Rule 56.1, and this Court's
4  guidance to the parties in setting the briefing schedule and page limits.

*     *     *

For all of these reasons, the motion to strike should be granted and Director Bergin should be directed to file a single statement not exceeding 10 pages and an appropriately conformed brief in opposition no later than November 21, 2016.[3]

---

[3] Director Bergin's alternative relief of filing two 10-page statements should be denied for the same reasons. The only justification he provides (at 4) for seeking to file a statement *twice* as long as permitted under the CMO is that he intends to "explain the bases for his [factual] disputes, not merely cite a string of record pages." As already noted, that approach is improper. *See* L.R. Civ. 56.1(b); *Pruett*, 606 F. Supp. 2d at 1075.

| | | |
|---|---|---|
| 1 | Dated: November 18, 2016 | Respectfully submitted, |
| 2 | | |
| 3 | | /s/ Danielle Spinelli |
|   | Paul K. Charlton (012449) | Laura Berglan, Acting Attorney General (022120) |
| 4 | Karl M. Tilleman (013435) | Office of Attorney General |
|   | Erin N. Bass (030104) | TOHONO O'ODHAM NATION |
| 5 | STEPTOE & JOHNSON LLC | P.O. Box 830 |
|   | 201 E. Washington Street, Suite 1600 | Sells, Arizona  85634 |
| 6 | Phoenix, Arizona  85004 | (520) 383-3410 |
| 7 | (602) 257-5200 | laura.berglan@tonation-nsn.gov |
|   | pcharlton@steptoe.com | |
| 8 | ktilleman@steptoe.com | Seth P. Waxman (*Pro hac vice*) |
|   | ebass@steptoe.com | Danielle Spinelli (*Pro hac vice*) |
| 9 | | Kelly P. Dunbar (*Pro hac vice*) |
| 10 | Jennifer B. Bonneville (*Pro hac vice*) | Sonya L. Lebsack (*Pro hac vice*) |
|    | STEPTOE & JOHNSON LLP | Kevin M. Lamb (*Pro hac vice*) |
| 11 | 633 West Fifth Street, Suite 700 | WILMER CUTLER PICKERING |
|    | Los Angeles, California 90071 |  HALE AND DORR LLP |
| 12 | (213) 439-9400 | 1875 Pennsylvania Avenue, N.W. |
| 13 | jbonnevi@steptoe.com | Washington, D.C.  20006 |
|    | | (202) 663-6000 |
| 14 | | seth.waxman@wilmerhale.com |
| 15 | | danielle.spinelli@wilmerhale.com |
|    | | kelly.dunbar@wilmerhale.com |
| 16 | | sonya.lebsack@wilmerhale.com |
| 17 | | kevin.lamb@wilmerhale.com |
| 18 | | *Counsel for Plaintiff Tohono O'odham Nation* |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of November, 2016, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System, which will send a notice of filing to all counsel of record.

/s/ Danielle Spinelli

DANIELLE SPINELLI