TOMMY HOGGINS
Rte. 2 Box 709X
Tombstone, AZ 85638
(520) 906-3872

X  FILED   ___ LODGED
___ RECEIVED   ___ COPY

DEC 0 2 2016

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ SQ _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| The Tohono O'odham Nation,<br><br>    Plaintiff,<br><br>v.<br><br>Douglas Ducey, Governor of Arizona; Mark Brnovich, Arizona Attorney General; and Daniel Bergin, Director, Arizona Department of Gaming, in their Official capacities,<br><br>    Defendants. | No. 2:15-cv-01135 DGC<br><br>**AMICUS CURIAE BRIEF re: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT and COUNTERCLAIMANT'S RESPONSE** |
| Daniel Bergin, Director, Arizona Department of Gaming,<br><br>    Counterclaimant,<br><br>v.<br><br>Tohono O'odham Nation,<br><br>    Counterdefendant. | |

- 1

## TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................. 2

II.  BACKGROUND .................................................................................... 2

III. ARGUMENT ...................................................................................... 3

IV. CONCLUSION .................................................................................... 5

### INTRODUCTION

This amicus curiae brief is directed at addressing the counterclaim of Daniel Bergin as the Director of the Arizona Department of Gaming, ("hereinafter, "ADOG") and specifically, the "fraud in the inducement" counterclaim, and his Response to the Plaintiff's Motion for Summary Judgment on said counterclaim.

### BACKGROUND

This court is all too familiar with the background of this case, and it would be a waste of the court's time to repeat the well-established complete factual background. The only three facts relevant for this amicus brief are undisputed. They are: 1) the parties herein entered into the subject Compact; 2) the counterclaim of ADOG is that the Plaintiff engaged in fraud in the inducement of that Compact; and 3) ADOG, as an agency of the State of Arizona, accepted millions of dollars yearly under

- 2 -

# TABLE OF AUTHORITIES

**Cases**                                                                                                       **Pages**

*Adams v. Manown*,
    328 Md. 463, 473 (1992) ............................................................................................... 5

*Garber v. Crews*,
    324 U.S. 200 (1945) ...................................................................................................... 4

*Johnson v. Yellow Cab Transit Co.*,
    321 U.S. 383, 387 (1944) .............................................................................................. 4

*Keystone Driller Co. v. Gen. Excavator Co.*,
    290 U.S. 240, 245 (1933) .............................................................................................. 4

*Loughran v. Loughran*,
    292 U.S. 216, 229 (1934) .............................................................................................. 4

*Olmstead v. U.S.*,
    277 U.S. 438, 485 (1928) .............................................................................................. 4

*Precision Instrument Mfg. Co. v. Auto. Main. Mach. Co.*,
    324 U.S. 806, 815 (1945) .............................................................................................. 5

**Treatises/Other Authorities**

*Law of Remedies: Damages, Equity, Restitution*, Dan Dobbs,
    68 (2d ed., 1993) .......................................................................................................... 4

Herstein, Ori J., "A Normative Theory of the Clean Hands
    Defense", Cornell Law Faculty Publications,
    Paper 210, (2011) ......................................................................................................... 5

the tribal contributions clause of the Compact, even after having made its claim of fraud in the inducement of that Compact.

## ARGUMENT

As to the Counterclaimant's "fraud in the inducement" counterclaim, Counterclaimant has backed itself into the wrong end of the "checkmate" position. That is, even if Counterclaimant were to prevail on its fraud in the inducement counterclaim, it would then necessarily lose the counterclaim, because Counterclaimant has admitted to receiving the monetary benefits of a contract he would prove fraudulent, and therefore has admittedly unclean hands, and thus loses the counterclaim.

Counterclaimant asks for the equitable relief of recission based upon the "fraud in the inducement" counterclaim. Recission is a claim for equitable relief, and as such, it is subject to equitable defenses, including the equitable defense of "unclean hands".

Counterclaimant does not deny that it has accepted millions of dollars annually for several years even *after* it made its claim for fraud in the inducement, obtaining said benefits pursuant to

- 3 -

the very contract which it claims was procured by fraud, (See, Counterclaimant's Doc.273, p.12, lines 4-6.)

Counterclaimant ADOG loudly cries, "fraud", yet whispers, *"but give us the money anyway."*

"He who comes into equity must come with clean hands," Johnson v. Yellow Cab Transit Co., 321 U.S. 383, 387 (1944); Dan Dobbs, *Law of Remedies: Damages, Equity, Restitution,* 68 (2d ed., 1993).

The conduct of the party alleged to have unclean hands must be conduct connected or related to the transaction underlying that party's cause of action, Garber v. Crews, 324 U.S. 200 (1945); Loughran v. Loughran, 292 U.S. 216, 229 (1934)(J. Brandeis); Keystone Driller Co. v. Gen. Excavator Co., 290 U.S. 240, 245 (1933); Wright & Miller, *Federal Practice & Procedure,* §2946 (2nd ed., 2010); 27 Am. Jur., §104. Here, the Counterclaimant's conduct of accepting the monetary benefits is directly related to the transaction (the Compact) underlying his cause of action. It is pursuant to the Compact that such pecuniary benefits were procured and accepted by Counterclaimant, and that same Compact is the transaction underlying his counterclaim of fraud in the inducement thereof.

The unclean hands doctrine is applied "in order to ... preserve the judicial process from contamination," Olmstead v. U.S., 277

U.S. 438, 485 (1928) (J. Brandeis, dissenting). "A variant of this position is that in cases of unclean hands, court integrity is put at risk of becoming marred by the hypocrisy of the litigant whose hands are unclean," Herstein, Ori J., "*A Normative Theory of the Clean Hands Defense*", Cornell Law Faculty Publications, Paper 210, (2011). The court must not be the "abettor of iniquity," <u>Precision Instrument Mfg. Co. v. Auto. Main. Mach. Co.</u>, 324 U.S. 806, 815 (1945).

"The clean hands doctrine is not applied for the protection of the parties nor as a punishment to the wrongdoer; rather, the doctrine is intended to protect the courts from having to endorse or reward inequitable conduct," <u>Adams v. Manown</u>, 328 Md. 463, 473 (1992).

**CONCLUSION**

Therefore, even if Counterclaimant ADOG was to succeed in proving fraud in the inducement of entering into the Compact, by already admitting that it has accepted the proceeds therefrom, even after it knew of the fraud, Counterclaimant would ultimately have proven that it accepted the proceeds of a contract it knew was procured by fraud, and thus admits to unclean hands, and unclean hands is a defense to a claim in equity, of which recission

- 5 -

is one.  If he wins the battle as to fraud in the inducement, he then loses the war on his counterclaim because of unclean hands.

Checkmate.

                                                            */s/ Tommy Hoggins*
                                                            TOMMY HOGGINS

Copy of the foregoing
mailed this 2nd of Dec., 2016 to:

Patrick Irvine, *et al.*
FENNEMORE CRAIG, P.C.
2394 E. Camelback Rd. #260
Attorney for Counterclaimant,
 AZ Dept. of Gaming

Seth Waxman
WILMER HALE
1875 Pennsylvania Ave., NW
Washington, DC 20006
Attorney for Counterdefendant,
 Tohono O'odham Nation

Laura Berglan
P.O. Box 830
Sells, AZ 85634
Attorney for Counterdefendant,
 Tohono O'odham Nation

- 6 -