UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

The Tohono O'odham Nation,

           Plaintiff,

v.

Douglas Ducey, Governor of Arizona; Mark Brnovich, Arizona Attorney General; and Daniel Bergin, Director, Arizona Department of Gaming, in their official capacities,

           Defendants.

Case No. 2:15-cv-01135-PHX-DGC

**JOINT MEMORANDUM**

Pursuant to the Court's Order (Doc. 291), the parties have prepared this joint memorandum addressing the five pretrial issues on which the Court has requested the parties' thoughts. Where the parties are not in agreement on an issue, each party presents its own position.

    **a.**    **Expected Length of the Trial**

The parties believe that the case can be tried in 10-12 trial days of 5.5 hours each.

    **b.**    **Dates for the Trial**

The parties are available for trial June 5-June 21 and July 31-August 11.

    **c.**    **Motions in Limine or *Daubert* Motions**

<u>The Nation's Position</u>: The Nation will not be filing *Daubert* motions. If permitted to do so, the Nation would anticipate filing a small number of motions in limine to address applicable evidentiary privileges and to preclude evidence on topics that are irrelevant to the issues remaining in this case. The Nation "recogniz[es] that such motions generally are not necessary in a bench trial" (Order 13), and will not use motions in limine to address discrete evidentiary issues that could be resolved more efficiently by the Court at trial when they arise. However, the Nation believes that a few motions in limine addressing particular categories of evidence that should be excluded, either because they are privileged or because they are not relevant to the remaining legal issues, will narrow the issues and evidence for

trial in a more efficient manner than will *ad hoc* rulings, and may meaningfully shorten the trial. The Nation therefore respectfully requests that the Court set a date prior to trial for the filing of such motions.

<u>Director Bergin's Position</u>: Director Bergin does not intend to file motions in limine or a *Daubert* motion. The Nation has not identified any specific topic or issue warranting an in limine motion. Director Bergin requests that, before he is put to the burden of responding to multiple in limine motions, and the Court is put to the burden of deciding them, the Nation first submit to the Court a short pre-motion letter identifying the topics to be addressed in their motions, and that Director Bergin be provided an opportunity to respond.

### d. Date for Submitting a Proposed Final Pretrial Order

The parties suggest that the Court set a date for submission of a proposed final pretrial order that is 30 to 45 days before the first day of trial.

### e. The Issue of Whether the Compact Authorizes the Director's Actions

<u>The Nation's Position</u>: The trial should address the issue of whether the Compact, if valid, authorizes the Director's actions—specifically, whether the Compact authorizes what the Director's counsel described as the Arizona Department of Gaming's "decision that pursuant to A.R.S. § 5-602, it will not provide the necessary authorizations, certifications, and licenses" for the operation of Class III gaming at the West Valley Resort ("WVR"), based on the Nation's alleged "fraud and misrepresentation" during the Compact negotiations. 6/23/15 Letter from Mr. Irvine 3 (Compl. Ex. J) (Doc. 1-5).

In its complaint, the Nation challenged that decision pursuant to state law as preempted by the Indian Gaming Regulatory Act and sought an injunction barring the Director from, among other things, taking any action to obstruct the Nation from conducting Class III gaming at the WVR based on the alleged fraud. *See* Compl., Prayer for Relief ¶ 5 (Doc. 1). Director Bergin responded in his motion to dismiss the Nation's complaint by arguing that his actions were lawful because his decision to deny regulatory approvals for the WVR was an exercise of his "authority under the [C]ompact." 9/10/15 Hr'g Tr. 7:12-13 (Doc. 88). At the hearing on the motion to dismiss, counsel for Director Bergin argued that

the Compact incorporated state law by reference and thus gave the Director the "authority to exercise his regulatory judgment in deciding whether to certify the West Valley casino as a Class III facility." *Id.* at 28:6-8. (Thus, the Nation is not alleging a breach of the Compact. It is Director Bergin who has argued that the state-law authority he claims is not preempted because the Compact purportedly incorporates state law and thus authorizes his actions.) The Court declined to dismiss the Nation's claim.

In the pre-motion conference regarding summary judgment, Director Bergin's counsel again stated that the Director was "relying on … the [C]ompact allowing him to look at Arizona law and Arizona law allowing him to consider a party's fraud in making a regulatory decision." 8/5/16 Hr'g Tr. 12:16-19 (Doc. 238). In his opposition to the Nation's summary judgment motion, however, Director Bergin shifted positions, arguing that the issue of whether the Compact authorized his actions was not "ripe," while simultaneously contending that "several Compact provisions allow him to consider the Nation's fraud" by incorporating state law. SJ Opp. 30 (Doc. 273). Director Bergin's current assertion that he has not taken any action based on the Compact cannot be reconciled with his earlier representations to this Court.

There is no question that there is a ripe dispute as to whether Director Bergin's decision to deny regulatory approvals for the WVR is lawful. That is the question raised in the Nation's complaint, and that is the question that must be answered to determine whether the Nation is entitled to the relief it seeks in its complaint. From the beginning of the case, Director Bergin has articulated two reasons his conduct was lawful: (1) the Compact is voidable due to the Nation's alleged fraud; and (2) the Compact incorporates state law and thus grants him the regulatory authority to block the WVR based on the alleged fraud. *See, e.g.*, Am. Countercl. ¶¶ 73, 75 (Doc. 96). As both parties noted at the pre-motion hearing on summary judgment, those two arguments may collapse: If the Court finds that Director Bergin cannot void the Compact for fraud, it is difficult to understand how Director Bergin could nonetheless continue to block the WVR based on the same fraud allegations. But unless Director Bergin is willing to agree that a conclusion that the Compact is valid entitles

1  the Nation to the relief sought in its complaint, the Nation is entitled to have any defenses
2  Director Bergin might have to that relief resolved in the trial of this matter.

3  Resolving the question whether the Compact authorizes the Director's actions would
4  not make the trial appreciably longer or more complex.  The Nation's position is that the
5  Compact does not grant such authority as a matter of law, and the Compact itself is thus all
6  the evidence needed on this point.  To the extent either party seeks to introduce additional
7  evidence beyond the four corners of the Compact, the Court can rule on the propriety of
8  doing so at the time.  The issue can then be addressed in the parties' proposed findings of
9  fact and conclusions of law.  That is the most efficient way of deciding an issue necessary to
10  resolving this case.

11  <u>Director Bergin's Position</u>:  Director Bergin does not believe the trial should consider
12  the issue whether the Compact, if valid, authorizes his actions.  As explained in his response
13  to the Nation's summary judgment motion, "Director Bergin has consistently maintained
14  (1) that he does not have authority to authorize gaming at the WVR, because it would not be
15  conducted pursuant to a valid Compact and would otherwise be inconsistent with Arizona
16  law; but (2) to the extent the Compact is deemed valid, several Compact provisions
17  acknowledge his authority to consider the Nation's fraud."  Doc. 273 at 29.  The Nation's
18  attempts to misconstrue or selectively quote statements by counsel do not change this fact.
19  *See* 8/5/16 Hr'g. Tr. 7:5-12 (noting that Director Bergin testified "that there's nothing in the
20  compact that he's relying on as a basis for refusing to take authority.  In other words, he's
21  saying because he believes the compact is invalid with respect to the West Valley casino, he
22  doesn't actually have the authority to act").  Indeed, to date, Director Bergin has not taken
23  any action based on those Compact provisions; and the Nation repeatedly has disclaimed
24  making any allegation that Director Bergin is breaching the Compact.  The question whether
25  the Compact authorizes Director Bergin's actions is not ripe for adjudication both because
26  Director Bergin has not yet taken any action based on the terms of the Compact, and
27  separately because the Nation has not yet claimed that Director Bergin has breached the
28  Compact.  If Director Bergin were to invoke his authority under the Compact to decline to

certify the West Valley Resort, and if the Nation thereafter were to assert that Director Bergin's decision to decline certification violates the Compact, that would present disputes of Compact interpretation and performance for which the Compact provides arbitration.  *See* Doc. 82 at 23 n.7.  Should the Court nevertheless conclude (over Director Bergin's objection) that the Court should determine ex ante whether Director Bergin has discretion under the Compact that he might exercise to decline to certify the West Valley Resort, Director Bergin believes that such proceedings should take place after the trial on Director Bergin's fraud and misrepresentation claims, and after the Court has issued its findings of fact relating to those claims.  Those factual findings will inform—indeed, may be dispositive of—the parties' and the Court's analysis of whether, under the Compact and the facts of this case, Director Bergin has discretion to decline to certify the West Valley Resort.

Dated: January 13, 2017                                  Respectfully submitted,


/s/     Matthew A. Hoffman                               /s/     Danielle Spinelli
Patrick Irvine (006534)                                  Danielle Spinelli (*Pro hac vice*)
Douglas C. Northup (013987)                              Kelly P. Dunbar (*Pro hac vice*)
Carrie Pixler Ryerson (028072)                           Sonya L. Lebsack (*Pro hac vice*)
FENNEMORE CRAIG, P.C.                                    Kevin M. Lamb (*Pro hac vice*)
2394 E. Camelback Road, Suite 600                        WILMER CUTLER PICKERING
Phoenix, AZ 85016-3429                                      HALE AND DORR LLP
Telephone: (602) 916-5000                                1875 Pennsylvania Avenue, N.W.
pirvine@fclaw.com                                        Washington, D.C.  20006
dnorthup@fclaw.com                                       (202) 663-6000
cryerson@fclaw.com                                       danielle.spinelli@wilmerhale.com
                                                         kelly.dunbar@wilmerhale.com
Matthew D. McGill (*pro hac vice*)                       sonya.lebsack@wilmerhale.com
GIBSON, DUNN & CRUTCHER LLP                              kevin.lamb@wilmerhale.com
1050 Connecticut Avenue N.W.
Washington, D.C 20036                                    Paul K. Charlton (012449)
Telephone: (202) 955-8500                                Karl M. Tilleman (013435)
mmcgill@gibsondunn.com                                   Erin N. Bass (030104)
                                                         STEPTOE & JOHNSON LLP
Matthew A. Hoffman (*Pro hac vice*)                      201 East Washington Street, Suite 1600
Timothy W. Loose (*Pro hac vice*)                        Phoenix, Arizona 85004-2382
Andrew G. Pappas (*Pro hac vice*)                        Telephone: (602) 257-5200
GIBSON, DUNN & CRUTCHER LLP                              Facsimile: (602) 257-5299
333 South Grand Avenue                                   pcharlton@steptoe.com
Los Angeles, CA 90071-3197                               ktilleman@steptoe.com
mhoffman@gibsondunn.com                                  ebass@steptoe.com
tloose@gibsondunn.com
apappas@gibsondunn.com                                   Jennifer B. Bonneville (*Pro hac vice*)
                                                         STEPTOE & JOHNSON LLP
*Counsel for Defendant Director Daniel Bergin*           633 West Fifth Street, Suite 700
*Arizona Department of Gaming*                           Los Angeles, California 90071
                                                         jbonnevi@steptoe.com

                                                         *Counsel for Plaintiff Tohono O'odham*
                                                         *Nation*

-6-

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of January, 2017, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System, which will send a notice of filing to all counsel of record.

/s/   Danielle Spinelli
DANIELLE SPINELLI