# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tohono O'odham Nation, | No. CV-15-01135-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Daniel Bergin, | |
| Defendant. | |

The Court has scheduled a bench trial in this matter for July 31 through August 11, 2017. During the scheduling conference, the Court and the parties addressed the scope of the trial. The Court took this issue under advisement, and enters this order to provide an answer.

The Nation seeks an injunction barring the Director from taking any action to obstruct the Nation from conducting Class III gaming at the West Valley Resort (WVR) on the basis of the alleged fraud. Doc. 1, ¶ 5; Doc. 88 at 20; Doc. 299 at 2-3. The complaint asserts that the Compact does not authorize the Director's actions. Doc. 1, ¶ 105 ("IGRA and the Compact nowhere authorize the State to deny the Nation the right to engage in Class III gaming if the State decides that the Nation has engaged in 'disqualifying conduct' (during compact negotiation or otherwise).").

The Director argues that his actions are a lawful exercise of his authority under the Compact: "'Director Bergin has consistently maintained [that,] . . . to the extent the Compact is deemed valid, several Compact provisions acknowledge his authority to

consider the Nation's fraud.'"  Doc. 299 at 4 (quoting Doc. 273 at 29); *see also* Doc. 50 at 12 ("Exercising the regulatory authority granted to the State under the compact hardly conflicts with IGRA; it is precisely the role for the State that IGRA envisions."); Doc. 238 at 12 ("[W]e believe the compact would allow Director Bergin to act in the way he did.").

The Court concludes that the scope of the Compact – whether or not it permits the Director's challenged actions – is squarely presented by this case and should be addressed and decided at trial.  Thus, in addition to addressing the fraud issues that lie at the heart of this dispute, the parties should be prepared to try the question of whether the Compact permits the Director to refuse to certify vendors, employees, and the WVR, or to otherwise block Class III gaming at the WVR, on the basis of his conclusion that the Nation engaged in fraud.

The Director has argued that whether he is acting in conformance with the Compact is essentially a question of whether he has breached the Compact, and that issues of breach must be resolved through arbitration under Section 15 of the Compact.  There is another side to the same coin – if the Director is engaging in actions not authorized by the Compact, then he lacks authority because IGRA permits state regulation of Class III gaming only in accordance with a tribal-state compact.  This side would appear to present a legal issue to be decided under the Nation's complaint.

The Court will not preclude the Director from making his arbitration argument at trial, and the Court will give it due consideration.  But the parties should also be prepared to address fully whether the terms of the Compact authorize the Director's challenged actions, an issue the Court will need to decide if it finds the Compact valid and does not accept the Director's arbitration argument.

Dated this 19th day of January, 2017.

_____
David G. Campbell
United States District Judge