Mark S. Sifferman
**THE SIFFERMAN LAW FIRM, P.L.L.C.**
1850 North Central Avenue, Suite 1150
Phoenix, Arizona 85004-0977
Telephone: (602) 405-2443
Email: mark@siffermanlaw.com
Attorney for Intervenor Christopher S. Cunningham

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Tohono O'odham Nation, | Case No. 2:15-cv-01135 DGC |
| Plaintiff, | **MOTION TO INTERVENE FOR LIMITED PURPOSE** |
| v. | |
| Douglas A. Ducey, et al., | (Oral Argument Requested) |
| Defendants. | |

Christopher S. Cunningham, an Arizona voter who voted "yes" on Proposition 202 in the November 2002 General Election, moves to intervene pursuant to Rules 24(a)(2) and 24(b)(1)(B), Fed. R. Civ. Proc., for the limited purpose of protecting his right under the Arizona Constitution to create law through initiative and to prevent a law enacted by the Arizona voters from being repealed or amended in violation of that Constitution. As explained in the proposed "Motion to Dismiss Counterclaim for Rescission and Supporting Memorandum of Points & Authorities,"[1] the Counterclaim filed by the Arizona Department of Gaming ("ADG") seeking a judgment rescinding,

_____
[1] Movant's proposed Motion to Dismiss is attached as Exhibit "A."

1

2

3

4

5

6

7

8

9

in whole or in part, the Compact between the Tohono O'odham Nation (the "Nation") and the State of Arizona directly contravenes the Arizona Constitution's prohibition against the repeal or amendment of voter-approved initiatives. ADG is attempting to achieve through judicial action what the Arizona Governor and Legislature are prohibited from doing. It is a maxim of constitutional law that "what cannot be done directly, cannot be done indirectly." *Cummings v. Missouri*, 4 U.S. 277, 325, 18 L. Ed. 356 (1867).

10

11

12

13

14

15

The proposed Motion to Dismiss presents a pure question of law. Allowing this intervention and adjudicating the proposed Motion to Dismiss will not require any new discovery and will not affect the scheduled trial date. This Motion is supported by the following Memorandum of Points & Authorities.

DATED this 25th day of April 2017.

16

**THE SIFFERMAN LAW FIRM, P.L.L.C.**

17

18

19

20

By:   */s/ Mark S. Sifferman*
　　　　Mark S. Sifferman
　　　　Attorneys for Intervenor Christopher S. Cunningham

21

22

23

24

25

26

27

28

1

**TABLE OF CONTENTS**

2

TABLE OF AUTHORITIES ................................................................................ 4

3

4

MEMORANDUM OF POINTS & AUTHORITIES ................................................. 5

5

INTRODUCTION ..................................................................................... 5

6

LIMITED INTERVENTION IS WARRANTED UNDER RULE 24 ................................. 7

7

A PLEADING BY MOVANT IS UNNECESSARY ......................................... 11

8

9

CONCLUSION ........................................................................................ 12

10

CERTIFICATE OF SERVICE ................................................................... 13

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**TABLE OF AUTHORITIES**

2

<u>**FEDERAL CASES**</u>

3

*Ariz. v. Tohono O'Odham Nation*, 944 F. Supp. 2d 748 (D. Ariz. 2013) ...................... 5

4

*Ariz. State Legis. v. Ariz. Indep. Redistricting Comm'n*,
    576 U.S. __, 135 S. Ct. 2652, 192 L. Ed. 2d 704 (2015) .................................... 6

5

6

*Beckman Indus., Inc. v. International Ins. Co*., 966 F.2d 470 (9th Cir. 1992) ............. 11

7

*Cummings v. Missouri*, 4 U.S. 277, 18 L. Ed. 356 (1867)............................................. 2

8

*Independent Federation of Flight Attendants v. Zipes*, 491 U.S. 754 (1989) ............. 10

9

*Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392 (9th Cir. 1995)............................. 8

10

*Natural Resources Defense Council v. Costle*, 561 F.2d 904 (D.C. Cir. 1977) .......... 10

11

*Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810 (9th Cir. 2001) ........ 7 - 9

12

*Spangler v. Pasadena Bd. of Educ.,* 552 F.2d 1326 (9th Cir. 1977) ........................... 11

13

*State ex rel. Lockyer v. United States*, 450 F.3d 436 (9th Cir. 2006) ........................ 7 - 9

14

*Trbovich v. United Mine Workers,*
    404 U.S. 528, 92 S. Ct. 630, 30 L. Ed. 2d 686 (1972) ........................................ 8

15

16

*United States v. City of Los Angeles*, 288 F.3d 391 (9th Cir. 2002)............................. 8

17

*United States v. Oregon,* 745 F.2d 550 (9th Cir. 1984)........................................... 9, 10

18

*Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183 (9th Cir. 2009) ......................... 11

19

<u>**CONSTITUTIONS, STATUTES AND RULES**</u>

20

Arizona Constitution, Art. IV, pt. 1, § 1 ....................................................................... 6

21

A.R.S. § 5-601.02 ......................................................................................................... 5

22

Rule 24, Federal Rules of Civil Procedure .......................................................... passim

23

6-24 MOORE'S FEDERAL PRACTICE – CIVIL §§ 24.03, 24.10, 24.11 ............................ 8

24

7C Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE,
    §§ 1914, 1916 .................................................................................................. 9, 12

25

26

27

28

## MEMORANDUM OF POINTS & AUTHORITIES

### INTRODUCTION

The Arizona voters, including Movant, approved Proposition 202 which created

a new "Standard Form of Tribal-State Gaming Compact." *Proposition 202* ("Prop.

202"), § 3.[2] The Proposition specified that portions of pre-existing compacts were to be

replaced with new language. *Prop. 202*, § 3, codified as A.R.S. § 5-601.02(I)(6)(b). Of

critical importance for this litigation, replacement language was specifically mandated

in the Initiative for the Compact provisions detailing the number of tribal gaming

facilities, locations of the facilities, the Class III gaming at those locations, and the

maximum gaming devices per facility. *Prop. 202*, § 3, codified as A.R.S. § 5-601.02(I)(6)(b)(iii).[3]

The exact language required by the Initiative, *id.*, is identical to the language in

the Compact [*i.e.*, §§ 3(c)(3), 3(c)(5) and 3(j)] which this Court has previously

determined cannot be reasonably read to prohibit the Nation from building a new

casino in the Phoenix metropolitan area. *Arizona v. Tohono O'Odham Nation*, 944 F.

---

[2]  The full text of Proposition 202 is in Addendum A to the proposed Motion to Dismiss.

[3]  "(III) Section 3 of the Pre-existing Compact shall be replaced with the following:

"Section 3. Nature, Size, and Conduct of Class III Gaming.

"(A) Authorized Class III Gaming Activities. Subject to the terms and conditions of the Compact, the Tribe is authorized to operate the following gaming activities: (1) Class III gaming devices, (2) Blackjack, (3) Jackpot Poker, (4) Keno, (5) Lottery, (6) Off-Track Pari-Mutuel Wagering, (7) Pari-Mutuel Wagering on Horse Racing, and (8) Pari-Mutuel Wagering on Dog Racing."

Supp. 2d 748, 763 – 765 (D. Ariz. 2013). In other words, voter-approved Proposition 202 allows the Nation to build and operate its West Valley Resort ("WVR") as a Class III gaming facility. See proposed *Motion to Dismiss*, page 6, line 8 – page 7, line 10.

The Arizona Constitution empowers Arizona voters, through the initiative process, "as a coordinate source of legislation on equal footing with the representative legislative body." *Ariz. State Legis. v. Ariz. Indep. Redistricting Comm'n*, 576 U.S. ___, ___, 135 S. Ct. 2652, 2660 – 2661, 192 L. Ed. 2d 704, 718 – 719 (2015), citing *Ariz. Const.*, Art. IV, pt. 1, §§ 1(1), 1(2). A statute enacted by Arizona voters through initiative may not be vetoed by the Governor and cannot be repealed by the Legislature. *Ariz. Const.*, Art. IV, pt. 1, §§ 1(6)(A), 1(6)(B). The most the Legislature has the power to do is amend the law provided the amendment *furthers* the *purposes* of the initiative and is approved by *three-quarters* of both legislative houses. *Id.,* §§ 1(6)(C), 1(14). See proposed *Motion to Dismiss*, page 5, lines 2 - 20.

ADG's demand for rescission is a blatant attempt to repeal provisions of Proposition 202. This conclusion is irrefutable considering that ADG explicitly requests[4] that language in §3(c)(3) and § 3(c)(5) of the Compact be stricken when Proposition 202 *requires* that this exact language be in the Compact. See proposed *Motion to Dismiss*, page 6, line 17 – page 7, line 10.

---

[4] See ADG's *Opposition to Plaintiff's Motion for Summary Judgment*, *Doc. 273*, page 14, fn. 11; and the Addendum thereto.

- 6 -

**LIMITED INTERVENTION IS WARRANTED UNDER RULE 24[5]**

Rule 24(a)(2) allows intervention as a matter of right when the proposed intervenor claims an interest relating to the transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect his or her interest, unless the existing parties adequately represent that interest. *Southwest Ctr. for Biological Diversity v. Berg*, supra, 268 F.3d at 817 - 818. Rule 24(a) is construed liberally in favor of intervenors. *Id*., 268 F.3d at 818. When considering a motion to intervene, the Court is to be "guided by practical considerations, not technical distinctions." *Id*. (internal quotation marks omitted).

A party moving to intervene "has a significant protectable interest in an action if (1) [he or she] asserts an interest that is protected under the law, and (2) there is relationship between that legally protected interest and the plaintiff's claims." *State ex. rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006). Voter-approved Proposition 202 dictated the exact terms of the Compact that allow the Nation to have a Class III gaming facility at WVR. ADG's attempt to change those terms would more than "impair or impede movant's ability to protect [his] interest." ADG's effort, if successful, would violate Movant's constitutional right to enact law by initiative

---

[5] On a motion to intervene, the Court is to assume the truth of the movant's allegations. *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 819 - 820 (9th Cir. 2001).

1  process, and his constitutional right to <u>not</u> have Proposition 202 amended through a

2  judicial action at the request of an executive branch agency.

3       Under these circumstances, Movant has a sufficient protectible interest. *State ex.*

4  *rel. Lockyer v. United States*, supra, 450 F.3d at 441 – 442; *Southwest Ctr. for*

5

6  *Biological Diversity v. Berg*, supra, 268 F.3d at 818. This is particularly true

7  considering Movant's support of Proposition 202. See *Idaho Farm Bureau Fed'n v.*

8  *Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995); 6-24 MOORE'S FEDERAL PRACTICE - CIVIL

9

10 § 24.03 (2016) (the interest requirement may be judged by a more lenient standard if

11 the case involves a public interest question).

12      Moreover, Movant has no means other than intervention to protect his

13

14 constitutional interest. *State ex. rel. Lockyer v. United States*, supra, 450 F.3d at 442 –

15 443, distinguishing *United States v. City of Los Angeles*, 288 F.3d 391 (9th Cir. 2002).

16 There is no judicial or administrative avenue that Movant can initiate to raise his

17 concerns.

18      The present parties have focused on the Compact itself. Neither party has

19

20 addressed the effect of Proposition 202 on the Compact, on ADG's remaining

21 counterclaim or on the remedy sought by ADG. The existing parties are not in any way

22 representing Movant's constitutional interest, let alone "adequately" representing that

23 interest.[6] Intervention by Movant is appropriate, and daresay necessary. *Southwest Ctr.*

24

25

---

26    [6] The burden on the potential intervenor to show inadequacy of representation by the existing parties is minimal. A movant need only show that representation of its

27 interests by existing parties "may be" inadequate. *Trbovich v. United Mine Workers*,

28 404 U.S. 528, 538, n. 10, 92 S. Ct. 630, 636, 30 L. Ed. 2d 686, 694 (1972).

*for Biological Diversity v. Berg*, supra, 268 F.3d at 822 - 823 (likely that parties will not advance the same arguments as intervenor); *State ex rel. Lockyer v. United States*, supra, 450 F.3d at 445 ("proposed intervenors bring a point of view to the litigation not presented by either the plaintiffs or the defendants.")

The timing of this Motion should be no impediment to intervention. Mere lapse of time alone is not determinative. *United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984) (intervention allowed fifteen years after instigation of litigation). Prejudice to the existing parties is "the most important consideration in deciding whether a motion for intervention is untimely." *Id.*, quoting Wright & Miller, FEDERAL PRACTICE & PROCEDURE, § 1916, page 575. No such prejudice exists here because Movant only requests intervention for the limited purpose of a decision on his attached motion regarding the constitutionality of ADG's claim for rescission. Movant does not request to become a full party to this action. He does not wish to litigate the underlying merits or to conduct discovery. He has no desire to participate in the litigation beyond the determination of the attached Motion to Dismiss. Allowing intervention for this limited purpose will not prolong or delay this matter. *United States v. Oregon*, supra, 745 F.2d at 553 – 554.

In fact, if Movant's intervention is allowed and his attached Motion to Dismiss were to be granted, it would likely reduce the scope and time of trial. As the United States Supreme Court has stated, "Intervention that is in good faith is by definition not a means of prolonging litigation, but rather of protecting legal rights - ranging from contract-based rights, to statutory rights, to constitutional rights - which are entitled to

no less respect than the rights asserted by plaintiffs in the subject suit." *Independent Federation of Flight Attendants v. Zipes*, 491 U.S. 754, 765 (1989) (citations omitted); see FEDERAL PROCEDURE, LAWYER'S EDITION, §59:296 ("In keeping with the policy of F.R.C.P. 24 to promote judicial economy, F.R.C.P. 24(a)(2), dealing with intervention as a matter of right, should be liberally construed, and any doubts are to be resolved in favor of the applicant").

Viewed from the Movant's standpoint, there was no delay. Intervention is being sought after this Court's rulings on the parties' summary judgment motions. Movant moved to intervene as reasonably practicable after learning how the ADG was seeking to eliminate language in the Compact between the Nation and State that Proposition 202 requires, and thereby infringing on the protections afforded Proposition 202 by thee Arizona constitution. Under the present circumstances, this motion to intervene is timely. *United States v. Oregon*, supra, 745 F.2d at 552 – 553, citing *Natural Resources Defense Council v. Costle*, 561 F.2d 904, 907 (D.C. Cir. 1977).

Here, Movant's Arizona Constitutional rights could be impeded, impaired, and even violated, should the issue raised herein go undetected and undecided. Lest ADG claim to already represent "the people of Arizona", including Movant, ADG represents the people of Arizona only insofar as the enforcement of gaming regulation. The agency does not represent Movant's or the people of Arizona's voting rights or Initiative rights under the Arizona Constitution. In fact, so far, ADG has acted completely contrary to protecting Movant's and the people of Arizona's rights to enact law through initiative.

Considering the considerations already discussed, intervention is also appropriate under Rule 24(b)(1)(B). Movant has a claim or defense that shares a common question of law with the main action. Movant's participation will add to value to this existing litigation, the present parties are not addressing the interest and intervention will not cause undue delay or prejudice. *Spangler v. Pasadena Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977); 6-24 MOORE'S FEDERAL PRACTICE - CIVIL §§ 24.10, 24.11.

### A PLEADING BY MOVANT IS UNNECESSARY

While Rule 24(c) states that a motion to intervene is to be accompanied by a pleading, that is not a jurisdictional requirement. *Westchester Fire Ins. Co. v. Mendez,* 585 F.3d 1183, 1188 (9th Cir. 2009); *Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992). The proposed Motion to Dismiss and this Motion to Intervene describe the basis for intervention. Indeed, the Motion to Dismiss states the reason for intervention much more eloquently and clearly than a pleading would. The Court and the parties are fully appraised of the grounds for intervention and no pleading should be required. *Westchester Fire Ins. Co. v. Mendez,* supra; *Beckman Indus., Inc. v. International Ins. Co.*, supra.

. . . . .

. . . . .

. . . . .

. . . . .

Movant is content to stand on the pleadings filed by the Nation. 7C Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 1914 (3rd ed. 2009).

> "If the intervenor is content to stand on the pleading an existing party has filed, it is difficult to see what is accomplished by adding to the papers in the case a new pleading that is identical in its allegations with one that is already in the file."

## CONCLUSION

Intervention by Christopher S. Cunningham should be allowed for the limited purpose of adjudicating the proposed Motion to Dismiss. Such intervention is warranted to protect and enforce the right of initiative granted to Arizona voters by the state constitution.

**DATED** this 25th day of April 2017.

**THE SIFFERMAN LAW FIRM, P.L.L.C.**

By:   */s/ Mark S. Sifferman*
         Mark S. Sifferman
         Attorneys for Intervenor Christopher S. Cunningham

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of April 2017, I electronically transmitted

the foregoing document to the Clerk's Office using the CM/ECF System, which will

send a notice of filing to all counsel of record.

<u>    /s/ Mark S. Sifferman    </u>
Mark S. Sifferman