**Exhibit "A"**

Mark S. Sifferman
**THE SIFFERMAN LAW FIRM, P.L.L.C.**
1850 North Central Avenue, Suite 1150
Phoenix, Arizona 85004-0977
Telephone: (602) 405-2443
Email: mark@siffermanlaw.com
Attorney for Intervenor Christopher S. Cunningham

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tohono O'odham Nation,<br><br>   Plaintiff,<br><br>v.<br><br>Douglas A. Ducey, et al.,<br><br>   Defendants. | Case No. 2:15-cv-01135 DGC<br><br>**MOTION TO DISMISS COUNTERCLAIM FOR RECISSION AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>(Oral Argument Requested) |

The Counterclaim filed by the Arizona Department of Gaming ("ADG") alleging that the Compact between the Tohono O'odham Nation (the "Nation") and the State of Arizona was induced by fraud and seeking a judgment rescinding that Compact in whole or in part should be dismissed. That Counterclaim and that remedy fail as a matter of law because they would repeal or amend voter-approved Proposition 202 in violation of the Arizona Constitution. The ADG cannot achieve indirectly, through judicial intervention, what the Executive and Legislative branches of the Arizona government cannot achieve directly. This Motion is supported by the following Memorandum of Points & Authorities.

1  **DATED** this 25th day of April 2017.

2                  **THE SIFFERMAN LAW FIRM, P.L.L.C.**

5        By:   */s/ Mark S. Sifferman*
            Mark S. Sifferman
6              Attorneys for Intervenor Christopher S. Cunningham

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ 4

MEMORANDUM OF POINTS & AUTHORITIES ................................................................ 5

    THE INITIATIVE PROCESS UNDER THE ARIZONA CONSTITUTION............................ 5

    THE PROVISIONS OF PROPOSITION 202 ................................................................ 6

    THE DEPARTMENT'S COUNTERCLAIM FOR RESCISSION OF THE COMPACT REPEALS OR AMENDS PROPOSITION 202 IN VIOLATION OF THE ARIZONA CONSTITUTION ................................................................................................... 7

CONCLUSION .............................................................................................................. 10

CERTIFICATE OF SERVICE............................................................................................ 11

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Arizona v. Tohono O'odham Nation*,
    944 F. Supp. 2d 748 (D. Ariz. 2013) .................................................................... 7

*Ariz. State Legis. v. Ariz. Indep. Redistricting Comm'n*,
    576 U.S. ___, 135 S. Ct. 2652, 192 L. Ed. 2d 704 (2015) .................................... 5

*Armstrong v. Exceptional Child Ctr., Inc.*,
    575 U.S. ___, 135 S. Ct. 1378, 191 L. Ed. 2d 471 (2015) .................................... 8

*Detroit U. Railway v. Detroit*,
    255 U.S. 171, 41 S. Ct. 285, 65 L. Ed. 570 (1921) ................................................ 9

*Dichter-Mad Family Partners, LLP v. United States*,
    709 F.3d 749 (9th Cir. 2013) .................................................................................. 6

*INS v. Pangilinan*,
    486 U.S. 875, 108 S. Ct. 2210, 100 L. Ed. 2d 882 (1988) .................................... 8

*Martin v. Metro. Life Ins. Co.*,
    179 F. Supp. 3d 948 (N.D. Cal. 2016) .................................................................... 6

*West Missouri Power Co. v. Washington*,
    80 F.2d 420 (10th Cir. 1935) .................................................................................. 9

**ARIZONA CASES**

*Cave Creek Unified School Dist. v. Ducey*,
    233 Ariz. 1, 308 P. 3d 1152 (2013) .................................................................. 5, 7

*Queen Creek Land & Cattle Corp. v. Yavapai Cty. Bd. of Supervisors*,
    108 Ariz. 449, 501 P.2d 391(1972) .................................................................. 5, 9

**CONSTITUTIONS, STATUTES AND RULES**

Ariz. Const., Art. IV, pt. 1, § 1 .............................................................................. passim

A.R.S. § 5-601.02 .................................................................................................. passim

**OTHER AUTHORITIES**

2 J. POMEROY EQUITY JURISPRUDENCE, § 425 (5th ed. 1941) ...................................... 8

# MEMORANDUM OF POINTS & AUTHORITIES

### THE INITIATIVE PROCESS UNDER THE ARIZONA CONSTITUTION

The United States Supreme Court, in 2015, recognized that the power to propose and enact laws in the state of Arizona resides not only with the legislature but also with the people through the initiative process. *Ariz. State Legis. v. Ariz. Indep. Redistricting Comm'n*, 576 U.S. ___, ___, 135 S. Ct. 2652, 2660 – 2661, 192 L. Ed. 2d 704, 718 – 719 (2015), citing *Ariz. Const.*, Art. IV, pt. 1, §§ 1(1), 1(2). The "Arizona Constitution establishes the electorate of Arizona as a coordinate source of legislation on equal footing with the representative legislative body." *Ariz. State Legis. v. Ariz. Indep. Redistricting Comm'n*, supra, 135 S. Ct. at 2660, 192 L. Ed. 2d at 718.[1]

The governor cannot veto a statute enacted through an initiative. *Ariz. Const.*, Art. IV, pt. 1, § 1(6)(A). Similarly, the legislature cannot repeal such a statute. *Id.,* § 1(6)(B). At most, the legislature may amend the law provided the amendment *furthers* the *purposes* of the initiative and is approved by *three-quarters* of both legislative houses. *Id.,* §§ 1(6)(C), 1(14);[2] see *Ariz. State Legis. v. Ariz. Indep. Redistricting Comm'n*, supra, 135 S. Ct. at 2664, 192 L. Ed2d at 722.

. . . . .

---

[1] citing *Cave Creek Unified School Dist. v. Ducey*, 233 Ariz. 1, 4, 308 P. 3d 1152, 1155 (2013) and *Queen Creek Land & Cattle Corp. v. Yavapai Cty. Bd. of Supervisors*, 108 Ariz. 449, 451, 501 P.2d 391, 393 (1972).

[2] "The legislature shall not have the power to amend an initiative measure approved by a majority of the votes cast thereon * * * unless the amending legislation *furthers the purposes of such measure* and *at least three-fourths of the members of each house of the legislature*, by a roll call of ayes and nays, vote to amend such measure." *Ariz. Const.*, Art. IV, pt. 1, § 1(6)(C) (emphasis added).

- 5 -

## THE PROVISIONS OF PROPOSITION 202

The full text of Proposition 202 is attached as Addendum A. This Court may take judicial notice of the contents of the Initiative as it is publicly available.[3] *Martin v. Metro. Life Ins. Co.*, 179 F. Supp. 3d 948, 949, fn. 1 (N.D. Cal. 2016). Judicial notice does not convert a motion to dismiss into one for summary judgment. *Dichter-Mad Family Partners, LLP v. United States*, 709 F.3d 749, 762 (9th Cir. 2013).

The voters' approval of Proposition 202 added A.R.S. § 5-601.02 to the Arizona Revised Statutes and created a new "Standard Form of Tribal-State Gaming Compact." *Prop. 202*, § 3. The Proposition provided that any tribe with a pre-existing compact could request the new standard form compact within 30 days after the effective date of the Proposition and then, within 30 days of that request, the Governor "*shall* enter into the new standard form tribal-state gaming compact" with that requesting tribe. *Id*. (emphasis added), codified as A.R.S. § 5-601.02(A) and (B).[4]

Proposition 202 also specified that certain portions of the pre-existing compacts were being replaced. *Prop. 202*, § 3, codified as A.R.S. § 5-601.02(I)(6)(b). The Initiative mandated the exact replacement verbiage to be used in the standard form of compact, most specifically the language required to be used in the provisions detailing the number of tribal gaming facilities, locations of the facilities and the maximum

---

[3] Available from the Arizona Secretary of State's public website at http://apps.azsos.gov/election/2002/Info/PubPamphlet/propI-14-2002.htm

[4] A tribe without a pre-existing compact may request the new standard form of compact at any time. *Prop. 202*, § 3, codified as A.R.S. § 5-601.02(B) (last sentence).

- 6 -

gaming devices per facility. *Prop. 202*, § 3, codified as A.R.S. § 5-601.02(I)(6)(b)(iii), providing replacement language for §§ 3(c)(3), 3(c)(5) and 3(j) of the Compact.

The language in Proposition 202 is identical to the language in the Compact [*i.e.*, §§ 3(c)(3), 3(c)(5) and 3(j)] which this Court has already determined cannot be reasonably read to prohibit the Nation from building a new casino in the Phoenix metropolitan area. *Arizona v. Tohono O'odham Nation*, 944 F. Supp. 2d 748, 763 – 765 (D. Ariz. 2013).[5] In short, voter-approved Proposition 202 allows the Nation to build and operate its West Valley Resort ("WVR") as a Class III gaming facility.

**THE DEPARTMENT'S COUNTERCLAIM FOR RESCISSION OF THE COMPACT REPEALS OR AMENDS PROPOSITION 202 IN VIOLATION OF THE ARIZONA CONSTITUTION**

As shown earlier, *supra* at page 5, the Arizona constitution prevents Proposition 202 from being rendered ineffective by an act of the Governor or the Legislature. *Ariz. Const.*, Art. IV, pt. 1, §§ 1(6)(A), 1(6)(B). The Proposition can be amended by the Legislature so long as the amendment furthered the purposes of the Proposition and was approved by a super-majority in both houses. *Ariz. Const.*, Art. IV, pt. 1, §§ 1(6)(C), 1(14); see *Cave Creek Unified School Dist.*, supra, 233 Ariz. at 4, 308 P. 3d at 1155. Although this very public dispute has raged on for years, the Arizona Legislature notably has never altered Proposition 202 through an amendment to A.R.S. § 5-601.02.

---

[5] The absence of any restriction regarding the Phoenix area is obvious from the Proposition's mandated replacement language for § 3(c)(3):

"If the tribe is the Tohono O'odham nation, and if the tribe operates four (4) gaming facilities, then at least one of the four (4) gaming facilities shall:

(i) Be at least fifty (50) miles from the existing gaming facilities of the tribe in the Tucson metropolitan area as of the effective date; * * *"

ADG's demand for rescission is a blatant attempt to repeal provisions of Proposition 202 and A.R.S. § 5-601.02. Indeed, ADG explicitly requests[6] that language in §3(c)(3) and § 3(c)(5) of the Compact be stricken when both Proposition 202 and A.R.S. § 5-601.02(I)(6)(b)(iii) *require* that exact language be in the Compact.[7] AGD is seeking to use this Court's equitable power of rescission to achieve what neither the Governor nor the Legislature can accomplish. ADG is urging a result prohibited by the Arizona Constitution.

ADG's allegation of fraud during Compact negotiations is immaterial considering the provisions of Proposition 202 and the Arizona Constitution's protection of voter-approved initiatives. This Court's equitable power may not be used in violation of the Arizona constitution and statutes. "Courts of equity can no more disregard statutory and constitutional requirements and provisions than can courts of law." *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. ___, ___, 135 S. Ct. 1378, 1385, 191 L. Ed. 2d 471, 479 (2015), quoting *INS v. Pangilinan*, 486 U.S. 875, 883, 108 S. Ct. 2210, 100 L. Ed. 2d 882 (1988); see 2 J. POMEROY EQUITY JURISPRUDENCE, § 425, p. 188 (5th ed. 1941) (explaining the maxim "equity follows the law").

Any supposed misrepresentation during the campaign preceding approval of Proposition 202 is also irrelevant as it cannot invalidate the voters' approval of the

---

[6] See ADG's Opposition to Plaintiff's Motion for Summary Judgment. *Doc. 273*, page 14, fn. 11; and the Addendum thereto.

[7] Under ADG's rescission, the Nation would be limited to two casinos, *Doc. 273*, page 14, fn. 11, when Proposition 202 expressly provides the Nation with four Class III gaming facilities.

- 8 -

1   Initiative. *Detroit U. Railway v. Detroit*, 255 U.S. 171, 178, 41 S. Ct. 285, 288, 65 L.

2   Ed. 570, 576 (1921);[8] *West Missouri Power Co. v. Washington*, 80 F.2d 420, 422 (10th

3   Cir. 1935) ("Misrepresentations made during a campaign by public officials, or others

4

5   will not vitiate an election."); see *Queen Creek Land & Cattle Corp. v. Yavapai County*

6   *Bd. of Supervisors*, supra, 108 Ariz. at 451, 501 P.2d at 393 ("The people, in exercising

7   the rights of initiative and referendum, must enjoy the same immunity from judicial

8   interference as do the Legislature and the inferior law-making bodies.")

9
    To be sure, Proposition 202 allows amendments to the Standard Form of
10
    Compact. Amendments, however, must be "consistent with this chapter" and are
11
    limited to the following subjects: (1) the process for patron's disputes as to winnings;
12
    (2) food and beverage handling; (3) building codes and safety standards for new
13
    gaming facilities; (4) police, fire, and emergency services; (5) liability insurance
14

15  requirements; (6) standards for background investigations; (7) revenue and audit

16  reports; (8) minimum internal control standards; and (9) surveillance requirements.

17  *Prop. 202*, § 3, codifying A.R.S. §§ 5-601.02(E), 5-601.02 (I)(6)(b)(x). There is no

18  authority under the "amendments" provisions in Proposition 202 to amend the
19

20

21

22
    [8] "The bill abounds in allegations that voters were misled by the fraudulent conduct
23  of the officials of the city in their efforts to procure the property of the complainant at
    less than its value by misrepresenting in a circular, and otherwise, the purpose and
24  effect of the vote to be taken upon the question of acquiring a municipal system of
    transportation. We think that the court below correctly held that the motives of the
25  officials, and of the electors acting upon the proposal, are not proper subjects of
    judicial inquiry in an action like this so long as the means adopted for submission of
26  the question to the people conformed to the requirements of the law." *Detroit U.*
27  *Railway v. Detroit*, supra, 255 U.S. at 178, 41 S. Ct. at 288, 65 L. Ed. at 576.
28

Compact to eliminate the right to a Class III gaming facility authorized by that Proposition.

Moreover, the ability to amend first requires execution of the new standard form of compact. Proposition 202 requires that the Governor must sign the new standard form compact with tribes with pre-existing compacts, and could not delay that signing in order to pursue amendments. *Prop. 202*, § 3, codified as A.R.S. §§ 5-601.02(A); 5-601.02(G). The new standard form compact is the tribe's old compact, modified by the specific terms and language mandated in Proposition 202. The new standard form of compact the Governor was required to sign with the Nation specifically allowed the Nation four Class III gaming facilities without any prohibition against a facility being in the Phoenix metropolitan area.

## CONCLUSION

ADR's attempt to prevent the Nation from operating its West Valley Resort as a Class III facility is directly contrary to, and would repeal, or at least amend, Proposition 202 in violation of the Arizona Constitution. ADG's Counterclaim seeking to rescind the Compact should be dismissed.

**DATED** this 25th day of April 2017.

**THE SIFFERMAN LAW FIRM, P.L.L.C.**

By: */s/ Mark S. Sifferman*
    Mark S. Sifferman
    Attorneys for Intervenor Christopher S. Cunningham

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of April 2017, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System, which will send a notice of filing to all counsel of record.

                                          */s/ Mark S. Sifferman*
                                              Mark S. Sifferman